By the
 
 Court_
 

 The act of Assembly establishing the Courts of Equity in this State, is silent with respect to the mode of proceeding on
 
 re-hearing;
 
 but in order to ascertain the authority they are to'exercise, and the course of procedure in cases not especially provided for, a general reference is made to the former Court of Chancery, and to the power rightfully incident to such a Court. •
 

 It would be extremely difficult to discover the rules of practice which formerly obtained here, as well from the total want of any memorials of the decisions of this Court? as from the loss or dispersion of the records.
 

 The practice in England will be found unsuited and inapplicable, in a variety of instances, to tbe existing consti
 
 *12
 
 tution of our Courts of Equity, which have therefore beej¡ t° make, occasionally, such rules as were necessary to expedite the decision of causes, the details of which the legislature did not enter into, but left to be arranged by the Courts, under the above general reference.
 

 But the shortness of time alotted to the Equity business, and the consequent accumulation of suits in many of the districts, have concurred with other causes; in rendering this branch of our jurisprudence little indebted to precedents of Our own, and in compelling a frequent resort to the books, to ascertain the practice in correspondent cases.
 

 Upon the question now under consideration, no aid can he derived from any former decision in our Courts, and it is probable that one of the kind has not before occurred. It must therefore be decided by an enquiry into <he usual course of Courts of Chancery, and the powers and authorities rightfully incident to them.
 

 When we consider, however, that Equity is administered in England, in tribunals exclusively established for that purpose, possessing a ready access to all the means of information by which the science is illustrated, by men who make it the principal búsiness of their lives, assisted too, in difficult cases, by the Common law Judges, and from whose decision there is nevertheless an appeal, it seems obvious, that whatever liberality there is in re-hearing causes there, ought more strongly to prevail in our Courts, destitute as they are of all these advantages.
 

 It appears that this cause, so far as it respects the interlocutory decree complained of, has been once re-heard ; but that circumstance does not appear, in itself, of such decisive weight as to prevent a re-hearing, more especially, as it must have been at that time re-heard before the same Judges that made the decree. For it is laid down by a great Judge of Equity in England to be the practice there, that when a petition of re-hearing is signed by two counsel, such credit is given by the Court to their opinion, that the cause
 
 *13
 
 ought to be re-heard, so as to order it to be set down. Ain-bier’s Rep. 91. It is therefore entirely a matter of course, to grant a re-hearing, if counsel will certify in its favour. Yet the defendant might have appealed to the Chancellor, if the decree had been made by the Master of the Rolls, or to the House of Lords, if made by the Chancellor. Do not the principles of justice then plainly dictate, that when substantial reasons are shewn against a decree, which when enrolled is final and unappealable, a second re-hearing ought to be granted ? It is not a matter of course to grant a second, as it is to grant a first 5 but whenever the court is satisfied with the reasons offered, it is apprehended that a second'o.ught to bo granted. And independently of the additional reasons in support of this mode of proceeding arising from the constitution of our Courts of Equity, there are several casés in the books which, when attentively considered, will go a great way towards authorising it. In the case of Falkland and others against Cheney and others, in 1 Rro. Par. Cas. there was a hearing and re-hearing at the rolls, and upon both occasions the decree was in favour of the defendants, and the petition for the re-hearing was by the plaintiffs. There was afterwards a re-hearing before the Chancellor, who confirmed the decree at the rolls, and after this there was a further re-hearing before the Lord Keeper.
 

 In the case of Porter and Hubert, in 2 Chan. Rep. 85, and 3 Chan. Rep. 78, the decree was made by a Judge sitting for the Lord Keeper, who afterwards on the petition of tlie defendant, heard the case himself, assisted by Judges. There was afterwards a second re-hearing before the Chancellor, assisted by Judges.
 

 In the case of Parker and Dee, 2 Chan, Cas. 210, there was a hearing and decree at the rolls, and upon the defendant’s appeal, the cause was again heard before the Lord Keeper, On this, another bearing was granted on the plaintiff’s petition, upon which the cause was heard by the Chancellor, assisted by a Judge; and the Chancellor making a decree different from both the former decrees, the plaintiffs
 
 *14
 
 prayed a still further re-hearing, and obtained it. These cases, even if there were no others, strongly demonstrate how cautious the Equity Courts in that country are in re-visingand re-considering decrees, and that before enrolment they are considered within the discretion of the Court to order a re-hearing.
 

 Noel and Robinsen, reported in 1 Vernon, 90, 453, 560, 466, also in 2 Chan. Cases and 2 Ventris, is a precedent of a second re-hearing. There were three hearings and two decrees by Lord Nottingham. Lord North re-heard the cause, and reversed Lord Nottingham’s decree. But the cause was again re-hcard by Lord Jefferies, who reversed Lord North’s decree, and affirmed Lord Nottingham’s.
 

 So it appears in the case of Nutt
 
 vs.
 
 Hill, in 1 Vern. 16, and 2 Chancery Cases, 120, that there were two re-hearings, one before Lord North, the other before Lord Jeffe-ries.
 

 The Court is, therefore, of opinion, that a petition for rehearing will lie, notwithstanding a former petition preferred and denied, if the justice of a case demands a re-hearing. They are led to believe, that the j ustice of the case requires it here, and therefore direct a re-hearing before the Superior Court of Hillsborough District.