ISAAC BATES and others v. H. LILLY and others.

Where a sheriff has money in his hands raised under executions in favor of different creditors against the same defendant, and the creditors set up conflicting claims to the money, it is not such a case as may be submitted to a judge, without an action under the C. C. P., sec. 315, by the adverse claimants.

Under the former system, if a sheriff had doubts as to the proper application of money in his hands raised under different executions, he might apply to the Court for advice, which advice would be given upon the facts disclosed in his return; and the Court would refuse to give it if the sheriff claimed an interest in the fund, or had incurred an independent liability to any of the execution creditors.

The right of interpleader given by the C. C. P., under which a sheriff, who has money in his hands, raised under executions in favor of different creditors against the same defendant, may bring in the plaintiffs in the executions to contest their respective claims, was intended to apply to a controversy or action properly constituted in Court.

The cases of *Ramsour* v. *Young*, 4 Ired. 133, *Washington* v. *Saunders*, 2 Dev. 343, and *Yarborough* v. *State Bank*, Ibid 25, cited and approved.

This was a case submitting without an action a question of difference between the parties as to the disposition of money in the hands of the Sheriff raised under executions in favor of the respective parties, to *Russell, Judge,* at the Fall Term, 1870, of CUMBERLAND Superior Court. His Honor decided the question in favor of some of the parties, and the others appealed to the Supreme Court. From the view taken of the case in that Court, it will be seen that no other statement is necessary.

*Hinsdale & McRae,* for the plaintiff.
*Phillips & Merrimon,* for the defendant.

DICK, J.   This case is not such a one as is contemplated in the C. C. P., sec. 315.

That provision is only applicable to a case where there are parties to a question in dispute which might be the subject

of a civil action in which a judgment might be rendered for one party against the other. The provision is highly beneficial, and was intended to prevent expensive litigation. In this case the parties have no claim—the one against the other; but they may have separate claims against the sheriff, and he is not a party to this controversy.

Where a sheriff has doubts as to the proper application of money raised under different executions, he may apply to the Court for advice as to the disposition of the fund which he holds as an officer of the Court under legal process. This advice must be given upon the facts disclosed in the sheriff's return;—and the Court will refuse its advice if the sheriff claims an interest in the fund, or has incurred an independent liability to any of the execution creditors.

This proceeding is not derived from the common law, and it is not regulated by statute, but it has been established in this State by the practice of the Courts.

The principles upon which this practice is founded, are analagous to the rules of Courts of Equity in cases of interpleader; but the modes of procedure are somewhat different.

The claimants cannot be compelled to become parties, and their rights are not barred by the decision of the Court. They are permitted by the Court to represent their respective interests,—but this does not constitute an adversary suit among them;—and they may have a remedy against the sheriff for any injury which they may sustain by his unlawful action. *Ramsour* v. *Young*, 4 Ire. 133; *Washington* v. *Saunders*, 2 Dev. 343; *Yarborough* v. *State Bank*, Id. 25.

In England the Interpleader Act 1 and 2, Wm. 4, affords protection to a sheriff when he is in danger of incurring liability in the execution of process, but it would not apply to a case like the one before us. The right of interpleader given by the C. C. P., Sec. 65, was intended to apply to a controversy or action properly constituted in Court.

Here the sheriff is the stakeholder, and he has not asked the advice of the Court, or asked for any order to compel the adverse claimants to interplead as to the disposition of the fund in his hands, and the Court cannot control his action in a case in which he is not a party.

This case must be dismissed, and the parties must pay the costs equally.

PER CURIAM.                          Case dismissed.