Final judgment was given by the Judge of Probate after hearing the merits, from which defendants did not appeal; but in a short time filed his petition to re-hear. The Judge of Probate refused the prayer of the petition, and the defendant appealed to the Judge of the District, who affirmed the judgment and dismissed the petition. From this judgment, dismissing the petition, the defendants appealed.
The grounds of the defendant's application to re-hear, and the facts pertinent to the point decided, are stated in the opinion of the Court.
This was a special proceeding in the Court of Probate for an account of the estate in the hands of the defendants as administrators of Haywood Williams, deceased, and for the payment of the distributive share of the plaintiff one of the next of kin. The account was taken, exceptions filed thereto by plaintiff and defendants, which were heard by the Court and some disallowed, and a final (666) judgment was given against the defendants on the 17th September, 1872. On the 5th November of the same year, the defendants filed a petition to re-hear the case and let in more testimony. The plaintiff answered this petition, and after hearing the parties, the Court disallowed the motion to re-hear and the defendants appealed to the Judge of the District, who after examining the record and evidence, *Page 536 
dismissed the appeal, and from his judgment the case came up to this Court, by appeal on the part of the defendants.
Conceding the power of the Court of Probate to grant rehearings under C. C. P., sec. 133, for what causes will this power be exercised? A rehearing is not a matter of right, but rests in the sound discretion of the Court, when the parties to a final judgment fail to appeal by their own default. Before the Court will exercise the discretion, it must appear not only that injustice has been done, but that it occurred without the laches of the petitioner. Ordinarily, there are but two grounds upon which a petition to rehear will be entertained: 1. For error of law apparent on the record. 2. For newly discovered testimony which would materially vary the case. Adams' Eq. 397, note 2; 5 N.C. 11; Hart v. Smith, 3 Rich. 465; 3 Story 299.
Two questions of law are raised in the exceptions:
1. That no pleadings in the cause have been filed.
2. That the evidence of witnesses was not taken by question and answer, and signed by them.
As to the first point, it does appear by the record that a summons was issued and served upon the defendants and a complaint regularly filed. If the defendants failed to answer, it was their own default, for which they have no right to complain on a petition to rehear. As to the second error assigned, we know of no inexorable rule that requires the evidence in accounts taken to be reduced to writing in question and answer. The defendants do not allege any prejudice sustained thereby, and the objection certainly comes too late upon the motion (667) to rehear.
There are other exceptions, but as they are confined to the weight of the evidence and allegations of what the defendants could prove on a rehearing, matters addressed wholly to the discretion of the Court, it is unnecessary to notice them particularly.
The record shows that the account was taken with unusual skill and accuracy, and that the defendants had every opportunity to make a full defence and to appeal from the final judgment, and thus obtain a review of the facts as well as the law. No error of law appearing, we have no power to interfere with the discretion of the Court below.
PER CURIAM. Judgment affirmed and appeal dismissed.
Sc 71 N.C. 427; Sc 74 N.C. 2; Grant v. Edwards, 88 N.C. 249. *Page 537