C. H. WILLIAMS *v.* ALEX'R. and GREEN WILLIAMS, Adm'rs., &c.

Section 481, Code of Civil Procedure, is repealed by sec. 134, chap. 45, Bat. Revisal, which latter is the only and exclusive remedy to recover a distributive share of an estate.

A writ of *Certiorari* can only issue to the Court wherein the cause is pending. Therefore, when the cause has been carried by appeal to the Supreme Court, the petition for the writ to the Court below should be dismissed.

(*Williams* v. *Williams*, 70 N. C. Rep. 665; *Barton ex parte, Ibid*, 135; cited and approved.)

This was a PETITION for a *certiorai*, made to his Honor, *Judge Tourgee*, 5th March, 1874, at Chambers, upon the hearing of which the writ together with a *supersedeas* was issued returnable and heard at Spring Term, 1874, of PERSON Superior Court.

The points raised and the facts relating thereto, are fully set out in the opinion of the Court.

Upon the hearing, his Honor granted the writ and the plaintiff appealed.

*Jones & Jones*, for appellant.
*J. W. Graham*, contra.

BYNUM, J. This case was here at the last term, and is reported in 70 N. C. Rep., 665. A brief history of it is this: Under Bat. Rev., chap. 45, sec 134, a petition was filed in the Probate Court of Person county, by the plaintiff, as one of the next of kin of Haywood Williams, deceased, against the defendants, his administrators, for an account of the estate and the payment of his distributive share thereof. The defendants submitted to an account, and such proceedings were had in the case, that on the 17th September, 1872, a final judgment was rendered thereon against the defendants. On the 5th November, 1872, the defendants filed in the same Court a petition to

re-open and re-hear the case, and let in more testimony. That petition was answered by the plaintiff, and upon a hearing of the parties, the Judge of Probate refused to re-open, and dismissed the petition ; from which judgment the defendants appealed to the Judge of the district, who after fully considering the case, affirmed the decision of the Probate Court on the 8th February, 1873, and dismissed the appeal. From this judgment, the defendants appealed to the Supreme Court, and at the last term thereof, 70 N. C. Rep., 665, the judgment below was affirmed and the petition dismissed.

On the 28th February, 1873, and pending their appeal to the Supreme Court, the defendants filed this petition to the Judge of the district for a writ of *certiorari*, to be directed to the Judge of Probate, commanding him to certify to the Superior Court a full transcript of the record and proceedings in the cause, had in his Court. And in this petition some new facts appear, which were not disclosed in the record of the case here at the last term, to wit ; that an appeal was prayed and granted by the Judge of Probate from his rulings on the exceptions filed and from his final judgment, rendered on the 17th of September, 1872. That appeals were taken by both parties, and when they came on to be heard by the Judge of the district, on the 3rd Monday in October, 1872, his Honor refused to entertain the appeals, because they had not been perfected as the law prescribes, and no case was stated, although the report, exceptions and judgment, were before him. His Honor, at the same time, " proceeded to state certain rules of practice for the Court of Probate, and among others that a petition to re-open and re-hear causes might be preferred in that Court." When the case was thus remitted to the Court of Probate, and when the petition to re-open and re-hear, was afterwards made in that Court, it was not alleged to be in consequence of the suggestion of the Judge, nor does the application for the *certiorari*, allege that the petitioners were misled by his Honor, nor does it allege any reason why the appeal from the judgment of the Court of Probate, was not perfected

and prosecuted, when the case was remitted to the Court, by the refusal of his Honor to hear it, because it was not properly before him. But the case does disclose facts from which the legal inference follows, that the appeal was abandoned. For instead of appealing from the refusal of his Honor to hear the case, and remitting it back to the Court of Probate, and instead of attempting to perfect the appeal when the case came back, the defendants adopted another remedy which was open to them, and which they believed would afford them all the relief and more than could be attained by prosecuting the appeal. Their petition to re-open, therefore, set forth every material fact afterwards set forth in the petition for a *certiorari.* The whole case, whether of law or fact, as it now appears in this case, was presented in the proceedings on the petition to re-hear, was fully debated by counsel, carefully reviewed by the Judge of Probate, and from his judgment thereon, on appeal, was again passed upon by the district Judge, and finally by this Court, and the judgment of the Court of Probate, was affirmed. In the argument Mr Graham took the ground that the plaintiff was proceeding under section 481, C. C. P., and that therefore the Court of Probate could only audit and record the account, and that no final judgment for the distributive share could be rendered. In this he is in error. Section 481, C. C. P., is repealed by Bat. Rev., chap. 45, which has revised and consolidated the whole statute law on the subject of Executors and Administrators, and therefore sec. 481, C. C. P., is omitted in the Revisal. The proceeding here is under Bat. Rev., chap. 45, sec 134, which is the only and exclusive remedy to recover a distributive share of an estate, and in that view the whole trial was conducted by both parties.

The case then stands thus: Pending the appeal to the Supreme Court in the application to re-open and re-hear, and which carried the record of the whole case to that Court, the defendants apply to the district Judge for a writ of *certiorari,* to be directed to the Court of Probate, to certify the proceed-

ings and judgment rendered in that Court, to the next term of the Superior Court.

Now a writ of *certiorari* can only issue to the Court where the cause is depending. F. N. B., 145, 242; and by the appeal the cause was no longer in the Probate Court, but was in the Supreme Court, and the Court will refuse to grant a *certiorari* to the defendant, pending an appeal by him. 2 T. R. 196 n. So it would seem the writ was improvidently issued in this case. In our practice the writ of *certiorari* lies for two purposes : 1st, as a writ of false judgment to correct errors of law, and 2d, as a substitute for an appeal. In either case, it can issue only to the Court where the judgment is.

No error of law is alleged as the ground for the writ in our case, therefore, it is applied for here as the substitute for an appeal from the judgment of the Court of Probate, rendered on the 17th of September, 1872.

In order to entitle them [to the writ as a substitute for an appeal, the defendants must show, either that they were improperly deprived of the appeal, or that they have lost it without their default and have merits. *Barton ex parte,* 70 N. C., 135, and cases there cited.

In their petition setting forth the grounds of application for the writ, they do not allege that they have been improperly deprived of their appeal by the action of the Judge or otherwise. They are not then entitled to it on that ground. Neither are they entitled to the writ on the ground that they were deprived of their appeal by accident, for they make no such allegation. The only ground on which they claim the benefit of the writ, is that they have merits. But that of itself is an insufficient ground, for it is well settled that both merits and the improper or accidental deprivation of the right of appeal must concur.

The parties have had the full benefit of the remedies provided by law and according to the course of the Courts, except where they have lost them by their own default ; and if the Courts should undertake to afford remedies for the defaults of

suitors, there would be no end to litigation. *Interest reipublicæ ut sit litium finis.*

But if we should pass by these fatal objections to this action, and examine the merits of the case as presented by the defendants, we are still met by insuperable difficulties. The main ground for relief is that the Judge of Probate closed the account without allowing them an opportunity to procure the testimony of one Grimstead, which would have materially changed the result in their favor. But the answer of the plaintiff and the affidavit of N. N. Tucker, the Judge of Probate, are conclusive.

1. That Grimstead was never summoned by the defendants. 2. He was examined as a witness by the plaintiff, and denied that he knew any thing except what was contained in a certain book in the defendant's possession. 3. That he was discharged as a witness on the officious motion of the defendants themselves. 4. That the said book was produced on the motion of the plaintiff and after much prevarication and a fraudulent attempt of the defendants, to suppress and conceal its contents, was examined, and furnished the very evidence which they alleged they could disprove by Grimstead; and 5. The account was closed, on the motion of the defendants themselves. It was, therefore, an exercise of sound discretion in the Court, not to re-open to let in the evidence of that witness. The remaining causes assigned for the writ, are that the Judge of Probate improperly charged the defendants with the satisfied debt, and the Brooks and Robertson debts. The Court cannot see any error upon the record in this cause, and the petition fails to point out wherein the error consisted. But the whole evidence was a part of the case decided at the last term of this Court, and was then carefully examined and considered, and the conclusion of the Court was, that the judgment of the Court of Probate was sustained by the evidence.

Our conclusion is, that both upon the law and the fact of the case, the motion of the plaintiff to dismiss the *certiorari* should have been allowed.

It may be that this is a hard case, and that the accountability of the defendants has been rigorously enforced by the Judge of Probate, but upon a thorough investigation of the case, it does not appear so to us.

The law must have its course, and there must be an end of the litigation.

PER CURIAM.                    Petition dismissed.