C. H. WILLIAMS *v.* ALEX'R and GREEN WILLIAMS, Adminis-
trators of HAYWOOD WILLIAMS.*

Any judgment rendered in a Court of Probate, is only binding on the
parties to the action : *Therefore,* wheie the plaintiff, one of ten dis-
tributees, alone sued the defendants, Adm'rs, &c , it was irregular
for that Court to do more than to adjudicate the rights of the par-
ties before it. and give the plaintiff a several judgment for the
amount of the estate due him. (See same case, 70 N. C. Rep. 665,
and 71 N. C. Rep. 427.)

(*Burns* v. *Asheworth,* 72 N. C. Rep. 446, cited and approved.)

PETITION to re-hear the action, in the nature of a special
proceeding, between the same parties plaintiff and defendants,
originally brought in the Probate Court of PERSON county,
and heard upon appeal by his Honor, TOURGEE, J., at Cham-
bers, June 10th, 1873; from the judgment of the court be-

---

*NOTE.—This case was decided at the last (June) Term of this Court.

low, the defendants appealed, and the case was decided in this court at January Term, 1874. (70 N. C. Rep., 665.)

The case was again before this court, upon a petition for a *certiorari*, granted by Judge TOURGEE, and was decided at June Term, 1874. (71 N. C. Rep., 427.)

All the facts relating to the case and to the points therein raised and decided, may be found fully stated in the two reports thereof cited above, and in the following opinion of Justice BYNUM delivered at the last (June) Term of this court.

*Jones & Jones.* for the plaintiff.
*W. A. & J. W. Graham,* for the defendants.

BYNUM, J. When this case was first before this court, it was upon the appeal of the defendants from the judgment of the Court of Probate, refusing to re-hear, upon a petition filed there for that purpose. 70 N. C. Rep., 665. It was there held, that where parties to a final judgment fail to appeal by their own default, a re-hearing is not a matter of right, but rests in the sound discretion of the court; and the appeal was dismissed.

The same case was again before this court by appeal on a petition for a *certiorari.* 71 N. C. Rep., 427. It was then *held:* 1st. That no error of law was alleged in the petition, and therefore it did not lie as a writ of false judgment to correct errors of law; 2d. That it did not lie as a substitute for an appeal, because the defendants did not show that they were improperly deprived of the right of appeal, or that they lost it without their default; and 3d. That the writ of *certiorari* did not lie pending the appeal to the Supreme Court, on the petition to re-open and re-hear. The appeal, therefore, was again dismissed. It is thus seen that the case has both times, been before this court upon questions of practice only, and that the judgment rendered by the Court of Probate is still

in that court and has never been brought directly before this court for review.  It is true, that when the case was here upon the points just named, we incidentally but fully discussed the merits, because the record sent up contained a full state. ment of the proceedings in the Court of Probate; but the decision of this court did not and could not turn, in the least, upon the merits of the judgment given in that court.  No judgment has been given in this court, except judgments dismissing the appeals, which left the original judgment standing in the Court of Probate.  This court has acquired no control over it; and for the same reasons assigned for dismissing the appeal, when the case was last here, (71 N. C. Rep., 427,) the judgment then rendered must be affirmed now.

But our attention is now for the first time called to the form of the judgment given in the Court of Probate, and to the parties plaintiff, who were before the court.  It seems that the citation directed to the defendants, (which the subsequent complaint filed and the proceedings thereon, show was treated as a summons,) was at the instance of the plaintiff alone, and the case conducted as one between him and the defendants.

It now appears for the first time, that the plaintiff is one of ten distributees of the estate in the hands of the defendants. Had this objection been raised before the proper court, in apt time, that court would have directed all the parties in interest to be made parties to the action before proceeding with the cause.  But the defendants failed to make the objections in apt time, and cannot be heard now to raise it to the prejudice of the plaintiff, who was actually before the court as a party to the action.  In *Burns* v. *Ashworth*, 72 N. C. Rep., 496, and cases there cited, *it is held*, that a defect of parties is cause of demurrer, but can be taken advantage of in no other way.  It is then too late to make the objection now, even if this were the proper court in which to raise it.  But it is clear, that any judgment rendered in the Court of Probate, is only binding upon the parties to the action.  The other distributees

cannot be bound by proceedings to which they were not a party and where they had no day in court; nor are the defendants bound as to them, because an estoppel must be mutual. It was then, evidently irregular, for the court to do more than adjudicate the right of the parties before the court, and to give the plaintiff a several judgment for the amount of the estate due to him. But the court undertook to do more, and declared the sum due by the defendants to all the distributees, not singly but collectively. Such a judgment was not warranted by the case, but it is one which can be easily corrected; not here, but in that court, on a proper application in the cause. It will then be the duty of the Court of Probate, to modify and change the judgment, so as to make it a judgment in favor of the plaintiff against the defendants for a sum certain, which should be his distributive portion of the amount found to be due to all the distributees, by the present judgment.

It now also appears for the first time, by the affidavits of the defendants, which in great part is admitted in the counter-affidavits of the plaintiff, that in taking and stating the account, certain payments on account of his distributive share, made by the defendants to the plaintiff, and certain notes given by him to the administrators as such, were not taken into the account. In correcting the judgment it will be proper for the court, after dividing off the plaintiff's tenth, or distributive portion of $21,098.41, the amount found to be due to all, to give the defendants credit for all payments made to the plaintiff on account of his distributive share, and for all sums otherwise due the estate by him and not accounted for in the account stated. The credits thus claimed by the defendants are set forth in their affidavit filed with their application for a re-hearing, and the plaintiff's answer thereto is set forth in a counter-affidavit filed by him. The issues raised by these affidavits form the only proper subjects of investigation in ascertaining the amount due the plaintiff. So far as this plaintiff is concerned, the account as stated by the Court of

Probate, should not be re-opened. As to the other distributees, not parties to this litigation, it must go for nought. It was great mismanagement not to have joined them as parties.

The suggestions here made are not necessary for the decision of this court upon the point presented for our decision, but are thrown out as aids to the court below in bringing to a conclusion this expensive litigation.

The former judgment of this court is affirmed and the petition dismissed.

PER CURIAM.                                   Petition dismissed.