* CHARLES H. WILLIAMS v. ALEXANDER and GREEN WILLIAMS, Adm'rs.

*Distributive Share—Note—Illegality of Consideration—Settlement of Estate—Confederate Currency.*

1. A note, executed by a distributee to the administrator of an estate and expressed on its face to be for money loaned, but which was in truth executed to secure money *advanced in part payment of his distributive share*, is not rendered illegal by the fact that the money was applied to the purchase of a substitute with the knowledge of the administrator.

2. Where, in the settlement of an estate, the administrator disbursed a much larger sum during the war in confederate currency than he received during that time, (nearly the whole amount of receipts

---

*Smith, C. J. and Reade J. did not sit on the hearing of this case.

being before and since the war), and no explanation is given as to why or how he had in his hands $1000 in confederate currency in 1874, which he advanced plaintiff as part of his distributive share : *It was held,* that in the settlement of his account the administrator should only be credited with the actual value of the confederate currency so advanced. '

*Held further,* that in such settlement the plaintiff (distributee) should be charged only with the value of such confederate currency in good money as of the date of said advancement.

SPECIAL PROCEEDING for an Account and Settlement commenced in the Probate Court, and heard on appeal at Spring Term, 1877, of PERSON Superior Court, before *Cox, J.*

The main facts appear in the opinion. In the account stated, the plaintiff was charged with the amount of a note executed to the defendants in 1864, and to which among other items he filed an exception, and insisted that the money was borrowed to pay for a substitute in the confederate service, and that the consideration was therefore illegal, and that defendants knew this was the purpose for which the money was used. His Honor overruled the exception, being of opinion that the note did not show that a loan was intended, but that the plaintiff received the amount as part payment or an advancement on his distributive share of the estate of Haywood Williams deceased, and as he chose to take confederate money, it was a good payment and the scale did not apply. From which ruling the plaintiff appealed.

*Messrs. Merrimon, Fuller & Ashe,,* for plaintiff.
*Messrs. J. W. Graham* and *L. C. Edwards,* for defendants.

BYNUM, J. This case under various phases has been before us several times. See 70 N. C. 665 ; 71 N. C., 427 ; 74 N. C., 1. An account had been stated between the parties, and a judgment thereon had been rendered against the

defendants. Upon affidavits filed, that certain payments made by the administrators to the plaintiff on account of his distributive share had not been taken into the account, the judgment was set aside and the account re-opened to the extent of letting in those omitted payments and the other just credits specified in the affidavits. 74 N. C., 1. In restating the account for that purpose, among other things, the clerk allowed the defendants, as a credit at its face value, a note of the following tenor :—" One day after date I promise to pay A. & G. Williams, adm'rs of Haywood Williams deceased, the just and full sum of one thousand dollars, being money loaned from the estate of Haywood Williams. Witness my hand and seal, this 29th of February, 1864. Charles H. Williams, seal."

The plaintiff alleged that the money was borrowed to pay for a " substitute " in the Confederate Army, which fact was at the time well known to the defendants; and that the contract of loan was therefore illegal, and the money could not be recovered or allowed as a part payment of his distributive share of the estate. He further alleged that the money was to be repaid in the same currency, and therefore that the note was subject to scale.

The defendants denied both propositions, and upon proofs submitted by the parties, the clerk found that the money was not a loan, but was received as an advancement on the plaintiff's share of the estate. In that we concur. But the clerk also decided that the note was not subject to scale. In that we do not concur. For by reference to the account stated by the defendants in the course of these proceedings to settle the estate of Haywood Williams in their hands, it is seen, that of $95,000 collected, all except less than $5000 was collected either before or after the war—most of it before the war and of course in good money—and that of the disbursements, over $20,000 was paid out during the war—the larger part in 1863 and of course in con-

federate money. Having received so little and paid out so much confederate currency, no explanation is given, why or how the defendants had in hand still $1000 more of confederate money in 1864 to advance to the plaintiff on his distributive share. It is not shown that this sum advanced was a part of the identical money, or the same currency collected for, and belonging to the estate. And if the estate had been faithfully administered, we do not think it could have been the same.

For these reasons, and the gross mismanagement of the estate of the intestate throughout, as is sufficiently apparent, we think the defendants should be credited with only the actual value of the confederate money so advanced to the plaintiff. This will be ascertained by applying the legislative scale. The exception of the plaintiff is allowed, to the extent that he is chargeable only with the value of the confederate bond, in good money as of its date. The other exceptions were not insisted on in this Court.

The clerk of this Court will reform the report in conformity to this opinion and the other exceptions which were allowed by His Honor in the Court below, and judgment will be rendered accordingly. The clerk will be allowed five dollars for reforming the report. The plaintiff having sustained the main exception will recover his costs. Judgment is reversed, modified and rendered here for the plaintiff.

PER CURIAM.    .    Judgment accordingly.