\*CHARLES H. WILLIAMS v. PAUL GREEN and others.

*Practice—Executions Against Personal Representatives.*

A docketed judgment, rendered against an administrator in his representative capacity, where administration was granted before July 1st, 1869, creates no lien upon his land. To have that effect, the plaintiff must issue execution *de bonis testatoris*, and, upon the return of *nulla bona* thereto, give notice to the defendant to show cause why execution *be bonis propriis* should not be awarded.
(*McDowell* v. *Asbury*, 66 N. C., 444, cited and approved.)

APPLICATION of the Sheriff for advice and direction in the distribution of certain moneys in his hands by virtue of sundry executions, heard at Fall Term, 1878, of PERSON Superior Court, before *Kerr, J.*

The facts are sufficiently stated by Mr. Justice ASHE in delivering the opinion. See *Williams* v. *Williams*, 79 N. C., 411.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. Graham* and *Ruffin,* for defendants.

ASHE, J. The sheriff of Person county having several executions in his hands in favor of different plaintiffs, issued

---

\*Smith, C. J., having been of counsel, did not sit on the hearing of this case.

upon judgments docketed at different times, and having money in his possession raised by sale of the land of one Alexander Williams, a defendant in the several executions, was at a loss how to apply the fund so raised, and prayed the court for instructions in that particular.

His Honor directed him to apply the money according to the priority of the dates of docketing the several judgments upon which they were respectively issued, except as to that of Charles H. Williams; and as to that, he held and so advised, directed and ordered, that his lien began on the first Monday of June, 1878, the date of the teste of the execution, from which ruling the plaintiff appealed to this court.

By reference to the record of the case in which the judgment in favor of the plaintiff rendered in this court at June term, 1878, (*Williams* v. *Williams,* 79 N. C., 411,) and on which the execution was issued, the letters of administration on the estate of Haywood Williams, were granted to Alexander Williams and Green Williams, prior to the 1st of July, 1869; in which case, the estate was to be administered, closed up and settled according to the law as it existed just prior to that date. Acts 1871–'72, chap. 213, § 29. A judgment rendered against an administrator in his representative character previous to that time, created no lien upon his land. And before that could be effected, the plaintiff had to issue his execution upon the judgment to be levied on the goods and chattels of the intestate, which had come to his hands to be administered, and upon the return of *nulla bona,* on motion, give notice to the defendant to show cause why execution should not be issued *de bonis propriis.* *McDowell* v. *Asbury,* 66 N. C., 444.

The 96th section of chapter 45 of Battle's Revisal has no application to judgments rendered against administrators appointed before July 1st, 1869. It has reference only to administrations granted since that date.

It not appearing that the plaintiff has, in his case, taken

the steps to subject the individual property of Alexander Williams to his judgment, it has no lien upon his land, and he by virtue of his execution has no interest in the fund in the hands of the sheriff.

We think the judge below was correct in his conclusions, and there was no error in his directions as to the application of the fund.

No error.                                          Affirmed.