*J. J. HASTY and wife v. ROBERT SIMPSON and others.

*Execution, motion to set aside—Homestead.*

It is not error to refuse to set aside an execution upon the allegation that exempted land has been levied on and sold thereunder.

(*Simpson* v. *Simpson,* 80 N. C., 332, cited and approved.)

*Ashe, J., having been of counsel did not sit on the hearing of this case.

MOTION to set aside an execution and sale thereunder, heard at Fall Term, 1880, of UNION Superior court, before *Seymour, J.*

The motion was refused and the defendant, Robert Simpson, appealed.

*Messrs. Wilson & Son,* for plaintiff.
*Messrs. W. H. Bailey* and *Clement Dowd,* for defendant.

SMITH, C. J.  The feme plaintiff in the year 1870, as relator recovered judgment againt the defendant, Robert Simpson, and others, sureties to his guardian bond, executed for the security of the estate of herself and others, as did the other infant wards in separate actions, for the sums respectively due them, on all of which, executions were regularly and successively sued out until and including that which it is now proposed to set aside.   In June, 1873, Robt. Simpson was declared a bankrupt, and in December following obtained his discharge.   In that proceeding a certain tract of land specified in the schedule was set apart and allowed him as his homestead exemption, to which no exception was taken.   These debts due by judgment were proved in the cause.   In July, 1877, Robert Simpson and his wife conveyed the land by mortgage to one Wittkowski, to secure a debt due him, with power of sale in default of payment.   Under this authority the mortgagee on February 3rd, 1879, sold and conveyed the premises to one Winchester, who the 21st day of the same month, reconveyed to Wittkowski, and the latter on the 10th day of March following, conveyed to the wife of Simpson.   Thereafter executions issued on the several judgments under which the sheriff, in July of the same year, sold and executed his deed for the land to H. M. Houston, upon whom notice of the intended motion has also been served.

The present application is made by Simpson to set aside

the execution (and a similar motion is made in regard to the others) under which the land has been sold, and he appeals from the refusal of the court to grant it.

The debt being fiduciary was not discharged by the proceedings in the bankrupt court, notwithstanding the filing of proof therein in order to a participation in the distribution of his estate, and the plaintiffs were at liberty to sue out and enforce execution against the property of the debtors as before. *Simpson* v. *Simpson*, 80 N. C., 332. We are unable to find any just ground on which the proposed action can be supported. The argument before us was addressed mainly to the question of the exemption of the land from liability to the process under which the sale was made, and assuming such exemption the intervention of the court in this summary way is demanded to annul the act of sale by withdrawing the authority under which the sale was made. We know of no precedent for such a course. Executions are not set aside or quashed for such cause. If the writ of execution be *irregular* the defendant may move the court to set it aside, and if there has been an arrest, to discharge the party from custody; or if goods have been seized, to have them restored. 3 Bacon's Abr., Title *Execution*, 735; 2 Tidd's Prac., 1032. But the process should not be recalled upon the mere allegation that exempted land has been levied on and sold. It was not liable to be taken for the debt. The title is not divested by the attempted sale and no injury results to the debtor.

If it were liable, this was the appropriate means by which the property can be made available to the creditor, and he should not be denied the process by which it is to be thus applied. Whether this exemption has been lost by the successive transfers through which the title has passed and the judgment lien overreaches that vested in the wife, are questions not to be disposed of upon motion and affidavit, but they should be tested in an action between the contesting

claimants. We are not called upon, and do not undertake, to express an opinion as to the merits of such a controversy, but leave its solution to another and different proceeding which may hereafter be instituted.

We therefore uphold the ruling of the court and affirm the judgment.

No error. Affirmed.