BENJAMIN MILLIKAN, Sheriff, v. M. L. FOX and another.

*Sheriff—Practice in directing application of money raised under Execution.*

The practice of advising and directing sheriffs as to the proper distribution of proceeds of sale of debtor's property under several executions

in favor of different plaintiffs, extends only to cases where the sheriff has *raised the money* and holds the same subject to the order of the court.

(*Bates* v. *Lilly*, 65 N. C., 232 ; *Washington* v. *Saunders*, 2 Dev., 343 ; *Palmer* v. *Clark*, Ib., 354 ; *Ramsour* v. *Young*, 4 Ired., 133 ; *Whitaker* v. *Petway*, Ib., 182 ; *Williams* v. *Green*, 80 N. C., 76 ; *Motz* v. *Stowe*, 83 N. C., 434 ; *Whitehead* v. *Latham*, Ib., 232, cited and approved.)

APPEAL from a judgment rendered at Fall Term, 1880, of RANDOLPH Superior Court, by *Eure, J.*

There were several executions in the hands of the plaintiff sheriff against one Lutterloh, the defendant in the executions. They were levied upon the lands of said Lutterloh, and at the fall term, 1880, of the superior court of Randolph county, the sheriff proceeded to sell the land so levied upon, and it was bid off by Fox, the defendant, (who claimed to have control over two of the executions, as trustee of the judgments,) for a sum less than the amount of his judgments. Fox refused to pay the purchase money, expressing a willingness to pay the costs, but claimed a credit on his judgments for the residue of the amount of his bid. Staley, the other defendant of record, objected to the arrangement, and insisted that he was entitled to have the proceeds of the sale applied to his execution. Millikan, the sheriff, not knowing what to do, under these circumstances, applied to the superior court for advice, and asked that the parties claiming the proceeds of the sale might be notified to appear before the court and litigate their rights, and for a decree or order of the court directing and settling who is entitled to the proceeds of the sale.

It was therefore ordered by the court that the sheriff retain the executions, without making any returns thereon, until the questions in litigation as to the application of the money raised should be decided by the court, and that he hold the money arising from the sale subject to the order of the court. It was further ordered that Fox and Staley be re-

quired to litigate before the court the question of the right application of the funds arising from the sale of the land by the sheriff of Randolph county by virtue of their executions. Accordingly, the parties proceeded to litigation, by a case of submission without controversy, on application to the court for instructions, as to the application of money raised upon the executions; in which case Millikan appears as plaintiff, and M. L. Fox and William Staley as defendants. The facts agreed upon were set out, but were not verified by an affidavit, and His Honor, after hearing arguments from counsel on both sides, adjudged that the sheriff apply the proceeds of the sale to the execution in his hands in favor of William Staley. From this order Fox appealed.

Mr. *John N. Staples*, for defendant Fox.
Messrs. *Scott & Caldwell*, for plaintiff Staley.

ASHE, J. We refrain from expressing any opinion upon the question presented by the record, because it is a case of such an anomalous character that we cannot entertain it as before us on this appeal.

In no view of the case can this court take cognizance thereof; not as an interpleader, for the right of interpleader, given by section 65 of the Code of Civil Procedure, applies only to an action properly constituted in court, and not to rules or motions as to funds in the hands of a sheriff (*Bates v. Lilly*, 65 N. C., 232); nor as a controversy submitted without action, because this submission is not verified by an affidavit, as is required by section 315 of the Code; and besides, that proceeding only lies when there is a question in difference between the parties, which might be the subject of a civil action.

It cannot be entertained as an application on the part of the sheriff for advice as to application of money in his hands raised by sale under execution in favor of different creditors,

because there is no money in his hands.· This advisory jurisdiction is not authorized by the common law, nor by any statute, but is a practice which has grown into use under the tolerance of the court, and has only been exercised when a sheriff has *raised money* under several executions, issued at the instance of different plaintiffs, and is in doubt how to distribute. In every instance when this court has given such advice on appeals, it has been in cases where the money has been collected and is in the hands of the sheriff. *Washington* v. *Saunders,* 2 Dev., 343; *Palmer* v. *Clark,* Ib., 354; *Ramsour* v. *Young,* 4 Ired., 183; *Whitaker* v. *Petway,* Ib., 182; *Williams* v. *Green,* 80 N. C., 76; *Motz* v. *Stowe,* 83 N. C., 434; *Whitehead* v. *Latham,* Ib., 232.

The proceeding must be dismissed. Let this be certified to the superior court of Randolph county.

PER CURIAM.                                   Appeal dismissed.