*M. L. FOX v. MARY KLINE.

*Practice—Motion in Cause—Execution—Purchaser—Judgment Lien—Injunction.*

1. One of a number of contesting claimants to a fund raised under execution cannot maintain an independent action to support his claim,

Fox v. Kline.

but must proceed by motion in the original cause of which such exe-
cution is the result.

2. A motion in the cause, and not a distinct action, is also the proper
means of compelling the sheriff to make title to the purchaser
at the execution sale.

3. The purchaser of land sold under execution is not entitled to an in-
junction to restrain another creditor from selling the property under
an alleged prior incumbrance.

4. The sum bid for land at an execution sale is the measure of its value
subject to all prior liens, and the purchaser cannot demand that the
money paid by him shall be applied to the discharge of paramount in-
cumbrances.

5. The lien of a docketed judgment is lost by delaying for more than ten
years to enforce it by execution.

(*Millikan* v. *Fox*, 84 N. C., 107; *Bates* v. *Lilly*, 65 N. C., 232; *Dewey* v.
*White*, Ib., 225; *Child* v. *Dwight*, 1 Dev. & Bat. Eq., 171; *Patrick* v.
*Carr*, Winst. Eq , 87; *Skinner* v. *Warren*, 81 N. C., 373; *Hasty* v.
*Simpson*, 84 N. C.. 590, cited and approved.)

MOTION for an injunction in an action pending in Ran-
dolph county, heard on the 9th of July, 1881, before *Gil-
mer, J.*

Motion allowed and defendant appealed.

Messrs. *J. N. Staples* and *Reade, Busbee & Busbee*, for plaintiff.
Messrs. *Scott & Caldwell*, for defendant.

SMITH, C. J. The case made in the pleadings and evidence
is this: The plaintiff, assignee in trust for his wife and the
other children of Lewis Lutterloh, of a judgment recovered
by J. M. Jordan against him and docketed in the superior
court of Randolph on June 15th, 1870, after obtaining leave
of the clerk, sued out execution thereon on July 15th, 1880,
and delivered it to the sheriff. The sheriff proceeded to
advertise the land of Lutterloh for sale, previous to which,
on August 19th, another execution on a judgment recovered
by William Staley and docketed on the same day was placed

in the hands of the sheriff. On the 30th day of August, the land was sold and bid off by the plaintiff at the price of $1,025, and he gave his bond for that sum to the officer, none of which has been paid. Since the sale the defendant Kline, who also held a judgment against Lutterloh for about $900, docketed in the same court in December, 1874, and become dormant, obtained leave to issue and caused to issue an execution for its enforcement, under which the sheriff was proceeding to re-sell the land when he was stoppe by the restraining order sued out by the plaintiff, and afterwards continued until the final hearing of the cause. The plaintiff asserts a further lien on the premises superior to those of the other judgment creditors, by virtue of a consent decree entered in this court at January term, 1873, in a suit originating in the former court of equity and removed, wherein the assignor J. M. Jordan is plaintiff, and the said Lutterloh and his children and grand children to whom his land had been conveyed, as alleged, without valuable consideration, are defendants. The decree declares the lands bound and liable for the assigned judgment. But in passing on the merits of the present controversy, the force and effect of this adjudication may be put out of view, inasmuch as no steps have since been taken to give it practical operation.

The relief sought in the action is, that the plaintiff may be declared to be entitled to the purchase money, and if not, that he may be allowed to pay the same into court for the judgment creditors, defendants, as the court may determine their respective rights, and that a conveyance of the title be directed to be made to him.

From the interlocutory order for injunction the defendant, Mary Kline, appeals.

The issue between the plaintiff and defendant, Slatey, is confined to the disposition of the purchase money, which ought to be, and is not, in the sheriff's hands. For this reason the former proceeding to obtain an adjudication upon

their conflicting claims to the fund was not entertained. *Millikan* v. *Fox,* 84 N. C., 107.

The present method of procedure is exposed to the same fatal objection. Regarded as in the nature of a bill of interpleader, it should have been instituted by the sheriff against the two contesting claimants, and he is required to bring the money into court or at least offer to do so in his bill. But the action as prosecuted finds no precedent in the practice of a court of equity, and in its support no basis upon which the invoked jurisdiction can be exercised in administering relief. The appropriate and an adequate remedy can be found in an application to the court in the original action. While it is true that when under our former system an officer in possession of moneys raised under different executions is at a loss as to the proper and legal appropriation of them, he may, upon his own return, ask the advice of the court, and "the claimants," it is said by DICK, J., in *Bates* v. *Lilly,* 65 N. C., 233, "cannot be compelled to become parties, and their rights are not barred by the decision of the court." Yet, in the well considered opinion of RODMAN, J., delivered at the same term in *Dewey* v. *White,* 65 N. C., 225, he declares that the effect of the union of legal and equitable powers in a single tribunal, is to vest in it the right to determine the opposing claims of execution creditors to the fund under its control, and that the power is expressly conferred in section 68 of the Code of Civil Procedure.

Again, referring to the distribution of funds raised under execution at the instance of different contesting creditors, RUFFIN, C. J., remarks: "The question is one merely at law where the present plaintiff could get all the relief he was entitled to, *by a motion upon the return of the executions,*" adding that the plaintiff "had another available and more obvious remedy" than that sought in the bill. *Child* v. *Dwight,* 1 Dev. & Bat. Eq., 171.

Nor can the action be maintained to compel the sheriff

to make title to the land, not only because a court of equity would not interfere in such a case, but for the further reason that the performance of this official duty, where the terms of sale have been complied with, and the money bid paid by the purchaser, will be enforced by a rule or order in the cause. *Patrick* v. *Carr*, 1 Winst. Eq., 87; *Skinner* v. *Warren*, 81 N. C., 373.

But the action has a wider scope than an adjustment of the matters in controversy between the plaintiff and the defendant, Staley. It undertakes to arrest the prosecution of the action of another creditor against the common debtor to subject his estate in the land to the satisfaction of her execution, when she is in no wise connected with the controversy between the others, and can perfect her remedy and render her lien effectual in no other way than by a sale. If the plaintiff has acquired title by the sale, he cannot be harmed by the proposed second sale of the land. If he bought an estate under the encumbrance of a superior lien, it can be removed by his paying off the paramount judgment. The sum bid is the measure of *value of the land subject to the encumbering judgment,* and to permit the plaintiff to discharge that debt out of the purchase money, aside from the wrong done to Staley, would be in effect to give him an *estate free from encumbrance,* at the price it sold for charged with the encumbrance. To this relief he can have no just claim, while he can relieve the property and prevent a resale by payment of the judgment debt to the defendant, Kline.

As was said in disposing of a motion made by a defendant to set aside an execution under which alleged exempted land had been sold: "The process should not be recalled upon the mere allegation that exempted land has been levied on and sold. If it was not liable to be taken for the debt, the title is not divested by the attempted sale, and no injury results to the debtor. If it were liable, this was the

appropriate means by which the property can be made available to the creditor, and he should not be denied the process by which it is to be thus applied." *Hasty* v. *Simpson,* 84 N. C., 590.

Not only does the injunction suspend the exercise of the right of the defendant to perfect her lien and reach the property of the debtor, but if continued a sufficient time it may destroy the lien altogether and wholly defeat the purpose of the statute in limiting its duration. Where a party shall be "restrained from proceeding on his judgment by an order of injunction or other order, or by the operation of an appeal," the time of such restraint is not counted as part of the ten years during which the lien remains in force, but it is to be computed as part of that period in the words of the statute, "as against a purchaser, creditor, or mortgagee in good faith," whose rights are not impaired by the suspension. Hence the efflux of the limited time, although it may be caused by a restraining judicial order issued at the instance of other parties, and not by the creditor's voluntary inaction, may put an end to the lien and give precedence to junior judgments, a result which may produce an irreparable loss to the restrained creditor, and could not have been intended by the law.

While, therefore, if the cause was before us for a final disposition, we should be constrained to dismiss the action, we can only in this appeal pass on the validity of the order of injunction and reverse it. But as we have formed an opinion upon the points intended to be presented, and its expression may tend to facilitate a settlement of the controversy, we will add in conclusion that upon the facts the plaintiff's lien has been lost by his delay, and if, as we infer, the sale was made under both executions, the defendant Staley has a preferential right to the proceeds of sale, and the title acquired by the sheriff's deed, when executed, will be subject to the encumbrance of the judgment of the de-

fendant, Kline, by reason of its being docketed before that of her co-defendant, Staley.

There is error and the judgment below is reversed.

Error. Reversed.