ROBT. SIMPSON and wife v. JAMES M. HOUSTON.

*Homestead—Exemption from Sale under Execution.*

1. The plaintiff R. S., having been adjudicated a bankrupt, and the land in controversy having been assigned to him as his homestead in the bankruptcy proceedings, it is exempt from sale under execution issued on a judgment for a fiduciary debt which is not discharged by his discharge in bankruptcy.
2. This exemption from sale under execution against the homesteader follows the land when conveyed by him to another party.
3. When the wife does not join with the husband in making the deed, the status of the land as a homestead is unaltered.

(*Markham* v. *Hicks*, 90 N. C., 204; *Lamb* v. *Chamness*, 84 N. C., 379; *Murphy* v. *McNeil*, 82 N. C., 221; cited and approved).

This was a CIVIL ACTION, tried before *Avery, Judge,* at February Term, 1886, of UNION Superior Court.

There was judgment for the defendant, from which the plaintiffs appealed.

The facts are the same as in the case of *Hasty* v. *Simpson*, 84 N. C., 590.

*Mr. W. P. Bynum,* for the plaintiffs.
*Mr. D. A. Covington,* for the defendant.

SMITH, C. J. The facts stated in the case in the present appeal are essentially the same as those before the Court in

*Hasty* v. *Simpson,* reported in 84 N. C., 590, and the rehearsal is entirely unnecessary to an understanding of the matter in controversy. Then the application was to set aside the execution under which the land allotted as a homestead to the bankrupt had been sold, and it was refused. The present action, as suggested in that opinion, is to test the validity of the title acquired by the purchaser at the sale, and is instituted by the plaintiff Simpson and his wife. the latter claiming under a conveyance of her husband to one Wittkouski, and thence by successive deeds to herself,

The deeds were all executed before the sale under execution, which took place in July, 1869.

The lien created by the rendition of judgment at Fall Term, 1880, of Union Superior Court, it is insisted for the defendant, overreaches alike the deeds and the adjudication in bankruptcy in June, 1873, and warrants the sale.

We have no hesitation in holding, that the land assigned the bankrupt as a homestead is as effectually and fully protected from execution against the still subsisting and unsatisfied portion of the fiduciary debt, which has shared in the distribution of the estate, as against any other.

This remains in force, but not to disturb the effect of the action in the Bankrupt Court, and expose exempt property to sale under final process. Can there be any reasonable doubt entertained of the application of the rule to the exempt personal estate ; and is this any more protected from creditors than the exempt real estate?

Suppose the bankrupt were to fail to obtain his final discharge, so that *all his unsatisfied* debts remain in force ; can the creditors, after participating in the surrendered estate left, and assenting to the exemptions allotted, seize upon and appropriate that assigned and set apart as exempt, to the further payment of their demands? This would be to defeat the operation of the law and to annul what had been done under it. The creditor having a fiduciary debt stands

in no better position in this respect than any other creditor when the discharge is refused. The effect in each case is to leave the debts in force, to be made out of any future acquisitions of the bankrupt, and to forbid any access to that which is exempt.

Some doubt was expressed in the opinion in the former case, as to the effect of the bankrupt's alienation of the land, and whether the same immunity followed it into the hands of the mortgagee, or ceased at the transfer. This doubt is now to be resolved, and the inquiry answered.

The land itself, as we said in *Markham* v. *Hicks,* 90 N. C., 204, is set apart to the debtor, protected from the pressure of the claims of creditors for a definite period. Invested with this immunity, and yet capable of alienation by the debtor, the estate passes under the mortgage in the plight and condition in which it was held by the debtor, to be enjoyed unmolested for the specified term. While the primary object of the exemption is to preserve a home for the insolvent and his family, there is nothing in the enactments of this State, or of the United States, in which ours is incorporated, to indicate that the interdict put upon the creditor is to cease by the debtor's transfer, and leave the property at once exposed to sale under execution. If such was intended, why was it not said that the protection should cease when the debtor parted with his property? and this in effect would be practically to render it unalienable, for what of value would be obtained by the purchaser when the property could be at once taken and disposed of by a creditor? The value of what is assigned consists in the right to possess and enjoy it, as the assignor could for the same term, and under the same securities. It seems to us that these consequences result from the right of the debtor to dispose of, free from creditors, that which he thus himself enjoys. *Lamb* v. *Chamness,* 84 N. C., 379 ; *Murphy* v. *McNeil,* 82 N. C., 221.

But the present action is in the name of husband and wife, and if the successive deeds were insufficient to divest his rights, the case not showing, as did the other, that his wife joined in making the mortgage, the status of the land as a homestead would be unaltered, and so in neither view could the purchaser, at the attempted sale under execution, get a right of possession to defeat the action.

We are not unadvised of the difficulties that may grow out of this decision should other homestead exemptions be allowed, while perhaps but one is in contemplation of the statutes, but we cannot deny to the insolvent debtor the right to exchange the one homestead for another, and thus better his condition, which would be the practical result of subjecting the alienated exempt land at once to the process of the creditor. Our ruling not only conforms to the letter of the enactment, but best subserves its generous purposes as a relief to the debtor.

There is error, and judgment must be entered for the plaintiffs.

Error.                                                    Reversed.