HENRY HUTAFF v. ADRIAN & VOLLERS.

*Injunction—Remedy at Law—Statute of Limitations—Sale
Under Power.*

Where a mortgagor in possession has a full defence to an action for
ejectment when brought by a purchaser at a sale under a mortgage
barred by the statute of limitations, the Court will not interfere
by injunction to prevent a sale threatened by the mortgagee. It
would be otherwise if there were a contest as to the amount due
under the mortgage.

This was a MOTION to dissolve an injunction, heard before
*Connor, J.,* at January Term, 1893, of NEW HANOVER Supe-
rior Court.

The complaint, used as an affidavit upon which the order
had been granted, alleged that the plaintiff, in March, 1871,
in order to secure his promissory note to defendants, due
1st day of April, 1872, executed to them a mortgage upon
certain land in Wilmington, with the usual power of sale in
case of default in the payment of the note; that no pay-
ment has ever been made on the note and mortgage, which
became barred by the statute of limitations on the 1st of
April, 1882, and no action has ever been brought on the same

by the defendants; that the plaintiff has been in actual possession of the land ever since the execution of the mortgage; that defendants have advertised the land for sale on 2d February, 1893, and plaintiff prays that they be perpetually enjoined from selling, etc.

From the order dissolving the injunction, plaintiff appealed.

*Mr. E. S. Martin,* for defendants.

No counsel *contra.*

CLARK, J.: Upon the allegations in the complaint taken as true the defendants' bond and mortgage are alike barred by the statute of limitations. *The Code,* §152 (2) and (3). A sale under such mortgage would carry to the purchaser no title. The plaintiff mortgagor being in possession has a full defence to an action for ejectment when brought by the purchaser. *Capehart* v. *Biggs,* 77 N. C., 261; *Fox* v. *Kline,* 85 N. C., 173. The Court will, therefore, not interpose by injunction merely to prevent a cloud upon the title. *Southerland* v. *Harper,* 83 N. C., 200; *Browning* v. *Lavender,* 104 N. C., 69.

It would be otherwise if the contest was as to the amount due under the mortgage (whether any balance is due at all, or how much), since then, if any balance is due, the purchaser at the mortgage sale will get a good title, and it might put the plaintiff mortgagor to a serious disadvantage if there were a sale before the amount due is determined. *Purnell* v. *Vaughan,* 77 N. C., 268; *Capehart* v. *Biggs, supra; Pritchard* v. *Sanderson,* 84 N. C., 299; *Harrison* v. *Bray,* 92 N. C., 488; *Gooch* v. *Vaughan, Ibid.,* 610.

No Error.