A. M. KISTLER v. SOUTHERN RAILWAY COMPANY.

(Filed 29 October, 1913.)

Moot Questions—Spirituous Liquors.

Upon the question presented in this case as to whether the defendant railroad company can legally transport spirituous liquor into the State and deliver it to the plaintiff here, it appears from the briefs filed that only a moot question is raised, which the Court, for that reason, refuses to consider on appeal.

APPEAL by defendant from *Cline, J.,* at June Term, 1913, of BURKE.

This is an action to recover one barrel of beer, consigned to the plaintiff, and heard upon an agreed statement of facts. There was judgment in favor of the plaintiff, and the defendant excepted and appealed.

*W. A. Self for plaintiff.*
*S. J. Ervin for defendant.*

KISTLER *v.* R. R.

PER CURIAM. This is a proceeding to obtain a determination of the question whether the defendant can legally transport a barrel of beer from a point beyond the State to Morganton, N. C., and there deliver it to the plaintiff. The plaintiff files a brief contending that chapter 24, sec. 3, Laws 1907, forbidding such act, and the act of Congress ratified 3 March, 1913, cannot deprive him of the right to receive such consignment. The defendant in its brief avers that it is ready to obey the law if it knows what it is, and files a brief in accordance with the contention of the plaintiff. It is apparent that both parties are interested on the same side, and that this is really a proceeding to ask the advice or opinion of the Court on practically a "moot case," though there is no doubt as to the facts. There was no stay of execution, and the beer was doubtless delivered and long since consumed.

In *Parker. v. Bank,* 152 N. C., 253, this Court held that the object of the suit was evidently to procure a construction of section 4, chapter 150, Laws 1909, and that it was instituted solely for the purpose of obtaining the opinion of the Court, and dismissed the action. That case referred to *Blake v. Askew,* 76 N. C., 327, in which it was attempted in a similar way to obtain the opinion of the Court as to the validity of the special-tax bonds, and where the same action was taken. In this case it would be necessary to construe the above statutes of the State and of the United States, and we are not willing to pass upon a question of such importance without the benefit of a *bona fide* controversy and full argument by opposing counsel. The Court has refused to entertain a controversy submitted to obtain the opinion of the Court upon the administration of the public school system, *Board of Education v. Kenan,* 112 N. C., 567; or to advise a sheriff as to the application of moneys. *Milliken v. Fox,* 84 N. C., 107; *Bates v. Lilly,* 65 N. C., 232.

We must therefore enter the order,

Appeal dismissed.