A. M. KISTLER v. SOUTHERN RAILWAY COMPANY.

(Filed 2 October, 1914.)

**Appeal and Error—"Moot Case"—Intoxicating Liquors—Carriers of Goods.**

The purpose of this action being to determine the question whether the plaintiff, the consignee of a keg of beer, transported by the defendant carrier from beyond the State, is entitled to receive it in North Carolina; and it further appearing from the briefs filed that both the parties to the suit are interested on the same side of the controversy, and that the State and Federal statutes require interpretation: *Held.* the case is practically a "moot case," which, under the circumstances, the Court will not decide.

[The following *per curiam* opinion in' *A. M. Kistler v. Southern Railway* was rendered by the Supreme Court 29 October, 1913. The motion of defendant to reinstate the case for argument was allowed 18 November, 1913, and the case set for hearing at February Term, 1914, and accordingly argued 5 February, 1914. The case went over under *advisari* to Fall Term, 1914, and a *per curiam* order dismissing motion to reconsider was filed 7 October, 1914, WALKER and ALLEN, JJ., dissenting. By inadvertence the opinion was not published in the 168 N. C.]

APPEAL by defendant from *Cline, J.,* at June Term, 1913, of BURKE.

Action to recover one barrel of beer consigned to the plaintiff, and heard upon an agreed statement of facts. There was judgment in favor of the plaintiff, and the defendant excepted and appealed.

*W. A. Self for plaintiff.*
*S. J. Ervin for defendant.*

PER CURIAM. This is a proceeding to obtain a determination of the question whether the defendant can legally transport a barrel of beer from a point beyond the State to Morganton, N. C.; and there deliver it to the plaintiff. The plaintiff files a brief contending that chapter 24, sec. 3, Laws 1907, forbidding such act, and the act of Congress ratified 3 March, 1913, cannot deprive him of the right to receive such consignment. The defendant, in his brief, avers that he is ready to obey the law if he knows what it is, and files a brief in accordance with the contention of the plaintiff. It is apparent that both parties are interested on the same side, and that this is really a proceeding to ask the advice or opinion of the Court on practically a "moot case," when there is no doubt as to the facts. There was no stay of execution, and the beer was doubtless delivered and long since consumed.

In *Parker v. Bank,* 152 N. C., 255, this Court held that the object of the suit was evidently to procure a construction of section 4, ch. 150, Laws 1909, and that it was instituted solely for the purpose of obtaining the opinion of the Court, and dismissed the action. That case referred to *Blake v. Askew,* 76 N. C., 327, in which it was attempted in a similar way to obtain the opinion of the Court as to the validity of special-tax bonds, and where the same action was taken. In this case it would be necessary to construe the above statutes of the State and of the United States, and we are not willing to pass upon a question of such importance without the benefit of a *bona fide* controversy and full argument by opposing counsel. The Court has refused to entertain a controversy submitted to obtain the opinion of the Court upon the administration of the public school system (*Board of Education v. Kenan,* 112 N. C., 567), or to advise a sheriff as to the application of moneys (*Milliken v. Fox,* 84 N. C., 107; *Bates v. Lilly,* 65 N. C., 232).

We must, therefore, enter an order,

Appeal dismissed.