F. M. MOYE, Admr. v. R. S. PETWAY, Admr. of W. Swift and others.

*Settlement of Estate — Fraud — Practice — Judgment non obstante veredicto.*

1. Where an administrator loans money belonging to the estate of his intestate to the husband of one of the next of kin, and takes a note with the understanding that it is to be accepted as part of his wife's distributive share on final settlement; *Held*, that there is no presumption of law that the transaction is fraudulent.

2. The practice of granting judgment *non obstante veredicto* is very restricted and is confined to cases where a plea confesses a cause of action and the matter relied upon in avoidance is insufficient.

(*Arrington* v. *Yarborough*, 1 Jones Eq. 72, cited and approved.)

This was a Civil Action brought by the plaintiff to Wilson Superior Court to obtain satisfaction of a judgment for $3,750.00 alleged to be due the plaintiff, and removed to Wayne Superior Court and tried at Fall Term, 1876, before *Seymour, J.*

The judgment was recovered at Spring Term, 1876, of Wilson Superior Court and subsequently set aside. (See *Moye* v. *Petway*, 75 N. C. 165.)

The only issue submitted to the jury was in substance, "whether the $11,000 paid by R. S. Petway, Admr. of W. D. Petway to W. Swift in his life-time was a loan of money or the payment of a part of the distributive share of Mrs. Swift." Upon this issue the only evidence was that of M. J. Edwards, witness for plaintiff, who testified after objection by defendant as follows; "I attended the sale of land of Dr. Swift (the intestate of defendant); met R. S. Petway and told him I had heard that the $11,000 which was received by W· Swift was the payment of Mrs. Swift's distributive share of the estate of W. D. Petway. He said that was so. But the case was altered since Swift's death and that the money went to Mrs. Rawls" (who was Mrs. Swift.)

The Court refused to charge that from the facts admitted in the pleadings and the evidence there was a presumption of law that there was a fraud; but instructed the jury that Dr. Swift having executed his notes to R. S. Petway, Admr. of W. D. Petway for the $11,000, the transaction was on its face a loan and that the *onus* was on the plaintiff to show the contrary. This he endeavored to do by the evidence of the witness (Edwards); that the weight to be given to this evidence was for the jury to determine, bearing in mind that words are easily forgotten or misapprehended after the lapse of time; and also considering the bearing of witness while on the stand, his intelligence and apparent fairness.

The jury rendered a verdict for the defendant. The plaintiff moved for a new trial upon the ground of misdirection which was refused. He then moved for judgment *non 'obstante veredicto* which was also refused. Judgment for defendant for costs. Appeal by plaintiff.

*Mr. S. W. Isler*, for plaintiff.
*Messrs. Smith & Strong*, for defendants.

PEARSON, C. J. The plaintiff moved for a new trial on the ground of misdirection.

1st. There is no error in the instructions given to the jury; on the contrary the issue upon which the parties put the case was left to the jury in a very lucid manner.

2nd. There is no error in the refusal of His Honor to charge, "that from the facts admitted in the pleadings and the evidence there was a presumption of law that it was a fraud."

So far from a presumption of fraud as a matter of law, we can see no evidence of fraud as a matter of fact to be passed on by the jury.

The husband of the next of kin buys property at the sale of the administrator and is required to give his note like other purchasers. There can be no fraud in that. Afterwards the husband borrows money from the administrator and gives a note. There is no fraud in that; although it is reasonable to suppose that the husband had an expectation that his note would be taken in part payment of the amount to which his wife would be entitled upon the final settlement of the estate.

Indeed we are inclined to the opinion that if there had been an express understanding between the administrator and the husband when the notes were given, that they would be accepted in part of the wife's distributive share on final settlement, the event of the husband's death before the settlement would as a matter of law defeat the effect of this executory agreement. The right of the wife attaches to the fund except in case of an executed agreement, as when the administrator pays money to the husband and takes his receipt for the amount as a part payment of the distributive share. See *Arrington* v. *Yarborough*, 1 Jones Eq. 72, where all of the cases are cited and reviewed and the subject of a wife's right after the death of the husband is fully discussed.

The motion for judgment in favor of the plaintiff *non obstante veredicto* has nothing to rest on; that practice is very restricted and is confined to cases where a plea confesses the cause of action and the matter relied upon in avoidance is insufficient. In such cases the plaintiff may sign judgment as on *"nil dicit,"* treating the plea as "a sham one," and even if he traverses the matter relied on in avoidance although the issue be found against him, he is still allowed to take judgment notwithstanding the verdict. This practice was adopted to discourage "sham pleas." Here there is no "sham plea" in the case.

The cases *Young* v. *Black*, 7 Cranch, 565, *Lamb* v. *Smith*, 11 Wheaton 172, *Gibson* v. *Hunter*, 2 H. Blackstone, 187, cited by Mr. Isler, in his "supplemental brief," relate to "demurrers to evidence" which are *made by the defendant before* verdict for insufficiency of the *plaintiff's evidence,* and have not the slightest bearing upon a "motion for judgment *non obstante,"* which is made by *the plaintiff after* verdict for insufficiency of the *defendant's matter of avoidance.* There are no two matters of practice more entirely different in all respects.

No error.

PER CURIAM. Judgment affirmed.