HAWKINS & HAWKINS v. S. A. HUGHES and others.

*Plea in Abatement—Jurisdiction.*

1. A party cannot have the benefit of a plea in abatement upon a motion in arrest of judgment.

2. The pendency of a former action is strictly a matter of abatement, and must be set up in the answer, or in some way insisted on before verdict; if not, it is deemed to be waived.

3. Where there is defect of jurisdiction, it cannot be conferred by consent; but were the court has a general jurisdiction of the subject, and the lack of it in a particular case depends upon some exceptional matter, objection must be taken *in limine*.

(*Hinsdale* v. *Sinclair*, 83 N. C., 338; *McCaskill* v. *Lancashire*, *Ib.*, 393; *Smith* v. *Moore*, 79 N. C., 82; *Winfield* v. *Burton*, *Ib.*, 388; *Walton* v. *Walton*, 80 N. C., 26; *Branch* v. *Houston*, Busb., 85, cited and approved.)

CIVIL ACTION tried at July Special Term, 1882, of VANCE Superior Court, before *Graves*, *J.*

The plaintiffs, having obtained a judgment against the male defendant for $752.56, in Warren superior court, and caused it to be docketed in Granville superior court, bring this action, in which they allege that the said defendant being indebted to them and insolvent, contracted to buy the land described in the complaint of one Kittle, and afterwards paid for the same, and on the 18th of March, 1877, procured a deed from Kittle to be made to his wife, the feme defendant, in order to conceal his interest in the land and withdraw it from the satisfaction of his debts and thereby defraud his creditors; and thereupon they ask that the feme defendant may be declared a trustee as to the said land for the benefit of her husband's creditors, and that it may be sold after setting apart a homestead to the defendants, and the proceeds applied to the plaintiffs' judgment.

The defendants admit the insolvency of the husband, the purchase of the land and the execution of the deed to the wife, but deny the fraud alleged, and say that the land was bought by the husband as agent of the wife, and was paid for, not with his money, but with money belonging to her separate estate.

The jury found that the land was purchased by the husband and paid for with his own money and not that of his wife, and the plaintiffs moved for judgment, but the defendants moved in arrest of judgment upon the ground that the

plaintiffs should have sought relief, not by an independent action, but by supplemental proceedings in the original cause. Defendants' motion was overruled and they excepted. The court then gave judgment for plaintiffs, and the defendants appealed.

*Mr. J. B. Batchelor,* for plaintiffs.
*Messrs. Merrimon & Fuller,* for defendants.

RUFFIN, J.  The court is inclined to the opinion, inasmuch as the defendant debtor had no estate, and never had, in the land which is the subject of controversy, that, perhaps, a distinction might be drawn between the present case and *Hinsdale* v. *Sinclair,* 83 N. C., 338, and *Caskill* v. *Lancashire, Ib.,* 393, in support of the plaintiffs' right to have their independent action.  But, though very ably argued at the bar, we have not felt called upon to decide that point, nor how far the court might have restricted them, in case objection had been made in apt time, to such relief as might have been had in their former action.  For, conceding the point to be against the plaintiffs, and that they not only could, but should have sought relief by proceedings supplementary to execution, we are still of the opinion that it was too late for the defendants to make their objection after verdict.

A party cannot have the benefit of a plea in abatement upon a motion in arrest of judgment; and such in effect is the motion which the defendants now make.

The pendency of a former action is strictly a matter of abatement, and must be set up in the answer or in some way be insisted on before a trial upon the merits; if not, it is considered to be waived.

In *Smith* v. *Moore,* 79 N. C., 82, it is expressly said, that if two actions are between the same parties for the same cause, and the first is so constituted as to afford complete relief,

the second is unnecessary and will be dismissed; but that the pendency of such other action will not be noticed by the court unless it appear of record by answer or demurrer.

Again in *Winfield* v. *Burton*, 79 N. C., 388, which was an action brought upon a bond given for the purchase money for land sold by order of court in a proceeding for partition, which proceeding was still pending, RODMAN, J., referring to the very point now made for the present defendants, observed, that regularly the relief ought to have been sought by motion in the original cause, but that it was an irregularity, merely, to have brought the action, which could be waived, and accordingly it was so treated.

It is said, however, that it is a question of jurisdiction which can neither be conferred by consent, nor the lack of it waived by the act of the party. True, this is so, where there is a defect of jurisdiction in the court itself, so that it has no general jurisdiction over the subject matter of the action. But it is otherwise, where the court has such a general jurisdiction, and the lack of it in a particular case depends upon some exceptional matter, such as the pendency of a previous action, or the existence of some peculiar privilege or exemption on the side of the defendant. In such case, it is a matter of defence and must be taken *in limine,* or else not at all. *Walton* v. *Walton*, 80 N. C., 26; *Branch* v. *Houston*, Busb. 85.

Now it will not be doubted that the superior court, by virtue of its powers as a court of equity, has a general jurisdiction of an action, such as this is, to follow the funds of a debtor fraudulently converted into land conveyed to his wife. And the only reason that can be suggested why it should not exercise it in this particular case, is, the fact that there is a former action pending, in which the plaintiffs could have complete relief. Had this objection been taken in time—such is the disfavor with which the law regards a multiplicity of actions—it might have availed the defend-

ants, and would have done so, unless, as we intimated at the outset, the present case be an exception to the rule. But not having been thus taken, and the court having a general jurisdiction of the subject matter of the action, it now comes too late.

No error.                                    Affirmed.