## MELISSA WARD v. EDWARD PHILLIPS.

*Judgment non obstante veredicto—Tax Title—Sheriff's Deed.*

1. A judgment *non obstante veredicto* is granted in cases where the plea confesses a cause of action and the matter relied upon is insufficient.
2. A sheriff's deed made to a purchaser of land for taxes within the twelve months after the sale, is void and passes no title. The act of 1872-'73, ch. 115, §§30—33, construed by ASHE, J.

(*Moye* v. *Petway*, 76 N. C., 327, cited and approved).

EJECTMENT tried at Spring Term, 1883, of CHATHAM Superior Court, before *Gilmer, J.*

The plaintiff alleged that she was the owner of a life estate in the land, as described in her complaint, and that the defendant was in possession thereof, wrongfully withholding the same.

The defendant denied the title of the plaintiff and her right to the possession, and admitted that he was in possession, but not wrongfully.

Defendant, for a further defence, alleged that the land in question was sold by the sheriff of Chatham for the taxes of the plaintiff due for the years of 1872–'73; and that he became the purchaser in the sum of twenty-five dollars and twenty-eight cents, and the sheriff executed a deed to him for the same on the 11th day of November, 1873, the plaintiff having failed to redeem said land as required by law; that after receiving the deed, the plaintiff agreed to hold the land as tenant of the defendant, and thereupon the defendant paid her the sum of one hundred dollars—eighty-five at one time and fifteen at another; that plaintiff, under the agreement to hold the possession of the land as tenant, did so hold it until about a year before the filing of this answer.

The plaintiff replied to so much of the answer of the defendant as set up his second defence. She admitted the land was sold for taxes as alleged in the answer, but denied that the defendant purchased the same for himself, and averred that he purchased it as the friend, agent and trustee of the plaintiff under a former agreement with the plaintiff so to do, and to hold the same for her benefit, and the deed was taken by him from the sheriff in fraud of this agreement; and she denied that she ever agreed to hold the possession of the land as tenant of the defendant, or that she ever received any money from the defendant in consideration of the land. She alleged that she was ready and willing to pay to the defendant whatever sum he may have advanced for the land, with interest.

The following issues were submitted to the jury:

1. Did the defendant buy the land as agent or trustee of the plaintiff?

2. Did the plaintiff after the sheriff's sale agree to receive from the defendant $100 for her interest?

3. Did the plaintiff receive $100 in money or otherwise from the defendant for her interest?

4. What is a fair annual rent?

The court instructed the jury, upon the suggestion of defendant's counsel, that if they should respond "No" to the first issue, they need not pass upon the others. The jury did respond "No" to the first issue, and the others were not considered. The plaintiff appealed from the judgment rendered.

*Messrs. W. E. Murchison* and *J. H. Headen*, for plaintiff.
*Mr. John Manning*, for defendant.

ASHE, J. The plaintiff's counsel insisted that the finding of the jury upon the first issue was not decisive of the case, and, after verdict, moved for a judgment *non obstante veredicto*, which was refused by the court, and judgment rendered in behalf of the defendant.

In this, we are of opinion there was error. The motion should have been allowed. A judgment *non obstante veredicto* is granted in those cases where a plea or defence confesses a cause of action and the matter relied upon in avoidance is insufficient. *Moye* v. *Petway*, 76 N. C., 327. It is true the defendant denies in his answer that the plaintiff had title to the land as alleged in her complaint, but in his second defence he virtually admits that the plaintiff did have a title, unless divested by the sale of the land for her taxes; and he alleges it was divested by the sale and the sheriff's deed to him. And this raises the question whether this matter of the sale and sheriff's deed was a sufficient avoidance to divest the title of the plaintiff, and we are of opinion it did not, for the reason the deed of the sheriff, made within the twelve months after the sale, was a nullity.

It is provided in §31, ch. 115, of the act of 1872-'73, that "the delinquent (tax-payer) may retain the possession of the property for twelve months after the sale, and within that time may redeem it by paying or tendering to the purchaser the amount paid by him and twenty-five per centum in addition thereto. If the purchaser shall accept the sum so tendered, he

shall give a receipt therefor. If he shall refuse, the delinquent may pay the same to the clerk of the superior court for the use of the purchaser, and the clerk shall give a receipt therefor. Such payment shall be equivalent to payment to the purchaser." The act goes on to provide for the registration of the receipt, &c., and then proceeds: "After payment to the purchaser or to the clerk for his use as aforesaid, his right under the purchase shall cease."

Section 32 provides that, "if the delinquent shall fail to redeem as provided in the preceding section, the purchaser may, within eighteen months after the purchase, pay to the sheriff the residue of the sum bid by him, together with the interest thereon at the rate of one per centum per month from the expiration of the twelve months next succeeding the sale to the day of payment, and *demand* a deed. The sheriff shall receive the money for the use of the delinquent and *make the deed.*"

In section 30 it is provided, "if no one will, on sale, offer to pay the amount of taxes and charges for a less number of acres than the whole number of acres in said tract, then the sheriff shall bid off the property for the state, and, upon proving the fact and tendering to the auditor of the state a deed to the state for the property, duly registered in the county in which it lies, shall have credit for the amount of such tax and charges."

Section 33 then provides, "in case the state becomes the purchaser under §30, then, within twelve months after the sale, the delinquent may pay to the county treasurer the county taxes due, with twenty per centum added thereto, and to the public treasurer the state tax due, and twenty-five per centum added thereto, together with the costs. * * * * Upon the presentation of the several receipts of those officers, respectively, to the secretary of state, that officer shall endorse upon the deed conveying the property to the state these words, 'taxes and costs paid, delinquent restored to his rights,' and sign the said endorsement, annexing the seal of his office thereto and charging thirty-five cents therefor, and shall deliver deed to delinquent or his agent."

We are of opinion the proper construction of these sections is, that whether a citizen bids off the land or it is bid in for the state, the owner has twelve months in which he may redeem, and the sheriff has no authority to make a deed to a private citizen who may be the bidder within that time. In interpreting these several sections, they must be considered together.

By the 31st section the owner has twelve months to redeem, and upon his compliance with the requirements the right of the purchaser *ceases.* There is no provision made for a deed within that time. But by the 32nd section the purchaser has eighteen months after the purchase to demand a deed, and as he is required to pay interest to the owner on any balance due him, at the rate of one per cent. per month *from the expiration of the twelve months* next succeeding the sale to the day of payment, the deduction is that the deed is not to be made to the purchaser until after the twelve months, but within six months thereafter. This construction is strongly supported by the fact that when the property is bid off for the state, the sheriff is required to make a deed forthwith, and upon redemption by the owner, the deed, with an endorsement of satisfaction, is to be delivered to the owner. When the citizen is the purchaser, there is no such provision; but upon the payment of the taxes, &c., within the twelve months, "the right of the purchaser shall *cease.*"

If this be the proper construction of these sections of the act of 1872–'73, and we are of opinion it is, the sheriff had no authority to make a deed to the purchaser within the twelve months after the sale, and the deed so made by him in this case passed no title to the defendant.

There is error. Judgment should have been rendered in the court below for the plaintiff *non obstante veredicto.* The judgment below is therefore reversed, and judgment must be rendered here for the plaintiff in accordance with this opinion.

Error.                                                                    Reversed.