JAMES W. BLACKWELL v. DIBBRELL BROS. & CO.

*Pleading and Practice—" Former Judgment "—" Another Action*
*Pending "—Practice in Justice's Courts—" Splitting up"*
*Accounts.*

1. The pendency of another action is a defence which must be set up in
   the answer, or in some way insisted on, before the trial on the
   merits, or it will be considered as waived.
2. The plea of former judgment must be distinctly set up in the answer
   as new matter. It will not be considered as embraced under
   general denials of the allegations of the complaint.
3. Under the present practice a memorandum, " general issue," entered
   on a Justice's docket as embracing defendant's defence, will be
   construed to mean nothing more than a general denial of plain-
   tiff's cause or causes of action; hence, evidence of an estoppel by
   judgment, or of another action pending, is not admissible in sup-
   port of such a defence.
4. The objection, that a cause of action is not such as can be " split up"
   so as to bring it within the jurisdiction of a Justice, must be made
   before the Justice; otherwise it cannot be made in the Superior
   Court on appeal, unless the defendant is permitted to amend.
5. The refusal by the Judge below to permit an amendment is unre-
   viewable.
6. Remarks of AVERY, J., on the proper practice to be pursued when
   " another action pending " or " former judgment " are pleaded.

This was a CIVIL ACTION, tried before *Merrimon, J.,* and a
jury, on appeal from a Justice's judgment, at June Term,
1888, of the Superior Court of DURHAM County.

The plaintiff sued for the recovery of one hundred and
eight dollars and thirty-three cents for rent of a certain brick
prize-room for the months of November and December, 1887.
The summons was issued on the 13th day of March, 1888,
and tried upon a removal by affidavit from one Justice to
another, on the 15th day of March, 1888. The defendant
pleaded the " general issue and counterclaims amounting to

$89." After evidence by the plaintiff, tending to establish his debt, the defendant offered to introduce the following evidence: That on the 13th day of March, 1888, the plaintiff had sued out another summons against these defendants, in which he claimed the rent due for the same prize-room for the months of January, February, and up to the 13th day of March; that there was judgment for the plaintiff in that action against the defendants, which judgment was satisfied in full; that that action was tried, judgment rendered and judgment satisfied before the present suit was tried. It was proven by the plaintiff, and admitted by the defendants, that the rent was payable monthly, in advance. Upon objection by the plaintiff, his Honor held that the evidence could not be received under any plea pleaded by the defendants, and excluded the evidence. Exception by defendants. Defendants moved to be allowed to amend their answer. His Honor refused to allow the amendment. Defendants excepted. There was verdict and judgment against the defendants.

*Messrs. W. W. Fuller* and *E. C. Smith*, for the plaintiff.
*Mr. John Manning*, for the defendants.

AVERY, J. The case is before us upon the single point, whether his Honor erred in excluding the testimony offered on the ground that it was not admissible "in support of any plea pleaded by the defendants."

The transcript contains, on the subject of the pleadings, only the following: "The plaintiff complained for the sum of one hundred and eighty dollars and $\frac{33}{100}$, due by defendants on contract. The defendants pleaded the general issue and counterclaim of $89.07."

The defendants contend that the "general issue" in an action of this kind (assumpsit) was *non assumpsit*, and cites several authorities to show that, under the former practice, a defendant was allowed, under this plea, to show the pen-

dency of another action, or even a judgment in another suit between the same parties, in bar of recovery. We, therefore, deem it pertinent to quote the language of Chief Justice PEARSON in *Branch* v. *Houston*, Busb., 85, in which he so clearly points out the proper time and manner, under the old rules of pleading. of setting up and showing a want of jurisdiction in the Court:

" 1. If there be a defect, *e. g.*, a total want of jurisdiction, apparent upon the face of the proceedings, the Court will, of its own motion, stay, quash or dismiss the suit. This is necessary to prevent the Court from being forced into an act of usurpation, and compelled to give a void judgment.

" 2. If the allegation bring the case within the jurisdiction, so that the defect is not apparent, and the *general issue* is *pleaded*, the proof not sustaining the allegation, there is a fatal variance, which is ground of nonsuit; *e. g.*, delaration *quare clausum fregit* in the county of Wake—general issue; proof, trespass on land in the county of Johnston; nonsuit, unless affidavit be made according to the statute.

" 3. If the subject is within the jurisdiction, and there be *any peculiar circumstance excluding the plaintiffs or exempting the defendants*, it must be brought forward *by a plea* to the *jurisdiction. Otherwise, there is an implied waiver of the objection*, and the Court goes on in the exercise of its ordinary jurisdiction." See also *Clarke* v. *Cameron*, 4 Ired , 161 ; Wait's Actions and Defences, p. 400.

Under the system of pleading and practice, established by the Code of Civil Procedure, it has been repeatedly held by this Court, that when the defendant relies on a general denial, in the answer, of the allegations of the complaint, such a variance as the example given by the Chief Justice must compel the plaintiff to submit to judgment of nonsuit, unless permitted to amend after mistrial upon such terms as the Court may impose. And while the forms of action are abolished, and the technical rules of pleading dispensed

with, the same principles of law underlie both, and must make the *old and the new practice* and pleading often assimilate. The pendency of another suit between the same parties, and involving the very same subject-matter, being a circumstance *dehors* the record, which exempts the defendant from liability, must, under the formal method peculiar to the common law, have been made available by a plea in abatement before pleading to the merits; and upon the same governing principles is founded the rule, established under *The Code* practice, that the same defence must be "set up in the answer, or in some way insisted on before the trial on the merits, and, if not, will be considered waived." *Hawkins* v. *Hughes*, 87 N. C., 115.

Pomeroy, in his work on Remedies and Remedial Rights, section 711, says: "The defence that another action is pending for the same cause, must be specially pleaded, unless it is raised by demurrer." The same author, in section 721, says: "It is now settled, in direct opposition to the common law rule, that defences, which seek to abate the particular actions in which they are pleaded, may be united with those which seek to bar all recovery upon the same cause of action." The author points out as a difficulty, in the practical working of the rule, that a general verdict for the defendant, upon all of the issues in abatement and in bar, might leave it uncertain whether plaintiff could prosecute another action, or was precluded from doing so. He suggests that in such cases the jury should be instructed, with great care, upon the issues raised by the pleadings as defences of both characters.

The practice of incorporating the defence of the pendency of another action with others, that if established would bar recovery in any action brought for the same cause, has been approved by this Court. The suggestion of the Court in *Hawkins* v. *Hughes, supra,* that the matter set up in abatement should be passed upon before a trial upon the merits,

103—18

might be made perfectly consistent in practice with the rule laid down by Mr. Pomeroy.  A jury could be instructed to respond, first, to an issue involving the question whether another action was pending, and if they should answer that affirmatively, then that they need not extend their inquiries to the other issues, because that finding would make it necessary to dismiss the action that was being tried, and leave the plaintiff to seek his remedy in the other action already at issue between the same parties.

The plaintiff caused summons to be issued by a Justice in both actions on the 13th day of March, 1888.  The judgment was rendered in this action on the 15th of March following—but after return and removal to another Justice on the 13th.  It does not appear when the other action was tried, but it was tried and judgment entered and satisfied before the Justice *tried this case.*

The pleadings were not written, but in the summons the defendant had notice " to answer the complaint of James W. Blackwell for the non-payment of the sum of one hundred and eight dollars and thirty-three cents, due by contract." Under Rule X, sec. 840, of *The Code,* the Justice would, at the request of the defendant, have required the plaintiff " to exhibit his account or demand, or state the nature thereof," or preclude him from giving evidence as to any demand not exhibited.  We must assume, therefore, that the defendant waived his right under the rule, because he either knew the nature of the demand or did not care to know.  So, if the defendant did not in fact know he might, by reasonable diligence, have known the cause of action in each of the cases before the trial of either, and so far as we can see, might have pleaded the pendency of the one in the other.

If, however, the record leaves us at liberty to conclude that the other action had been tried, and judgment had been rendered and satisfied before the defendant was required to plead in this action, then the

defendant could not avail himself of the estoppel (even if we concede that this case falls within the rule stated in *Jarrett* v. *Self*, 90 N. C., 478), without pleading specially, in his answer as new matter, the record in the other case. "An estoppel by judgment must be pleaded, if there is or has been any opportunity to do so." Pomeroy on Rem. and Rem. Rights, section 712, note 4. *Caldwell* v. *Auger*, 4 Minn., 217. Where the record and judgment, in a former action, are relied upon to bar recovery in a second suit between the same parties, the plea of estoppel on that ground must be distinctly set up as new matter, in the answer, and will not be considered as comprehended under the general denials of the several allegations constituting the plaintiff's cause of action. *Yates* v. *Yates*, 81 N. C., 397; *Tuttle* v. *Harrill*, 85 N. C., 456; *Isler* v. *Harrison*, 71 N. C., 64; *Falls* v. *Gamble*, 66 N. C., 455; *Gay* v. *Stancell*, 76 N. C., 369.

We cannot construe the " memorandum " " general issue" when made in a Justice's Court, under our present system of pleading, to mean more than that the defendant will interpose a general denial to the cause or causes of action, alleged either *ore tenus* or in a written complaint by the plaintiff, and evidence of an estoppel by a judgment in another action, or of the pendency of another action between the same parties, is not admissible in support of such a defence.

But it is unnecessary for us to decide whether the plaintiff could " split up " his account, and bring two actions instead of one, or whether the account was due under a single contract, and therefore cognizable only in the Superior Court if the evidence had been admitted and was true. It was not competent to sustain the defence, as it was entered in the Justice's Court, and the defendants' counsel admits on argument that the refusal of his Honor to allow an amendment cannot be reviewed in this Court. We concur with his Honor in his ruling.

No error.                                Affirmed.