B. F. MONTAGUE & JOHN W. LEE v. T. K. BROWN.

*Pleading—Pendency of former action—Practice before Justices of the Peace.*

1. The pendency of another action for the same cause, to be available as a matter of defence, must be specially pleaded, otherwise it will be considered waived. It may be set up in the answer, with other defences, and any issue arising thereon may be submitted at the same time as the others growing out of the pleadings, with instructions to the jury that, if found for the defendant, the others need not be considered.

2. In actions before Justices of the Peace the pleadings may be oral, but if so, the substance of them must be entered on the docket, and contain, in a plain and distinct manner, the ground of the action; and if the facts relied on as a defence be new matter, notice of that, also, must be given on the docket, in a plain and direct manner.

3. Under Rule 6, §840, *The Code*, the requirement that the plaintiff, in actions before Justices of the Peace, must show his right to recover, is, in effect, a general denial on the part.of the defendant, and any evidence which may tend to contradict the plaintiff's allegations, may be received; but, where new matter is relied upon, the defendant is required to plead it specially.

This was a CIVIL ACTION, commenced before a Justice of the Peace in WAKE County, and carried to the Superior Court by appeal.

At April Term, 1888, of the Superior Court, *Shipp, J.*, presiding, the cause coming on for trial, the record states that " the defendant moved that the cause be dismissed for want of jurisdiction of this Court." Question of jurisdiction reserved.

The case on appeal states that, " on the trial before Shipp, J., the defendant, for the purpose of showing that the Court did not have jurisdiction of this action, after objection by the plaintiffs, offered in evidence the record of a suit brought.

104—11

in the Superior Court of Wake, by plaintiffs against defend-
ant, in which a judgment of nonsuit was taken, and that
the plaintiffs procured a summons in this action, before the
nonsuit, on the same day, and that the summons was
served upon the defendant in the bar of the Court immedi-
ately after the nonsuit was entered." * * * "The defend-
ant insisted before Shipp, J., that the magistrate had no juris-
diction, and that this (Superior) Court had none, because
this suit is for the same cause of action of that pending in
the Superior Court at the time the summons was issued in
this action. Judge Shipp refused to admit the testimony for
the purpose offered, or to submit to the jury any issue with
a view to finding the facts on which the question of jurisdic-
tion might arise, to which the defendant excepted." The
action was then tried, resulting in a verdict for the plaintiffs,
which was set aside and a new trial ordered.

When the case came on for trial again, before *Graves, J.,*
at February Term, 1889, the defendant renewed the motion
to dismiss, assigning the same grounds, but it being made
to appear that Judge Shipp had, in fact, overruled the same
motion, on the previous trial, the Court refused to again
entertain it  The defendant excepted; and there being a
verdict and judgment against him upon the issues joined,
he appealed.

*Mr. E. C. Smith,* for the plaintiffs.
*Mr. C. M. Busbee,* for the defendant

AVERY, J.: The record proper does not now show that
the motion to dismiss was ever, in fact, heard before Judge
Shipp, and there is no record of any exception to his ruling
on the question of jurisdiction. It does not appear that the
parties filed written pleadings, and the record shows no
memorandum of the pleas entered by the defendant. But
it does appear, that on the trial before Judge Shipp, the jury

passed upon the same issue submitted on the last trial, and nothing else was put in issue before the jury.

We gather from *The Code*, (§ 840, Rules 2, 3, 4 and 15, and § 876), that, under the rules provided for the Courts of Justices of the Peace:

1. The pleadings may be oral or written, but *if oral, the substance must be entered by the Justice on his docket.*

2. The complaint must state, in a plain and distinct manner, the facts constituting the cause of action. The answer may contain a denial of the whole, or any part, of the complaint, *and also notice, in a plain and direct manner, of any facts constituting a defence or counter-claim.*

3. The Code of Civil Procedure *respecting forms of action, and parties to actions, shall apply to the Justices Courts.*

In *Blackwell* v. *Dibbrell et al.,* 103 N. C., 270, this Court held, that a defendant would not be allowed to show the pendency of a former action, when the only memorandum of his defence, entered on the docket of the Justice of the Peace, was, "general issue, and counter-claim amounting to $89.07." This was not *notice, in a plain and direct manner, of the facts constituting another defence.* In this case, the plaintiff's cause of action appears from the summons, but the defendant has not even entered on the record a denial of any part of the claim for which the action is brought. But the fact, that the plaintiff was required to show his right to recover, was equivalent to a general denial on the part of the defendant. (*The Code,* § 840, Rule VI).

The pendency of another action when this began, must, under the former practice, have been set up by plea in abatement before pleading to the merits, and now it must be especially averred as a defence, and insisted on, preliminary to a decision upon the merits, though it may be pleaded in the answer, with the denials of the allegations of

the complaint, and other defences. *Hawkins* v. *Hughes*, 87 N. C., 115; *Blackwell* v. *Dibbrell, supra.* The issue as to the pendency of another action, will be considered as waived, if not insisted on till after a trial on the merits, but, when demanded, that and other issues may be submitted at the same time to the jury, with instructions, if they find the action was pending, as alleged, to refrain from passing on the other issue. When this case was called for trial before Shipp, Judge, at a previous term, the defendant moved the Court to dismiss for want of jurisdiction, and, according to the record proper, the motion was reserved, a trial was had upon the merits, and the verdict was afterwards set aside and a new trial granted. At the February Term, 1889, it was admitted by the parties that, in fact, the motion to dismiss was disallowed by Judge Shipp, and an exception was entered to his ruling before the trial on the merits, and that the said order of the Court, refusing the motion, and the exception of the defendant, ought to have been entered of record. Judge Graves would not entertain the motion to dismiss when renewed before him, because it had already been overruled by Shipp, Judge. The defendant had never, even if we consider the record amended *nunc pro tunc,* as he wishes, entered any memorandum of a defence, nor has he moved the Court to be permitted to do so. It has always been within the sound discretion of the Court to allow such a motion, and if no plea was entered, the requirements of *The Code,* § 840, Rule VI, that the plaintiffs should show the right to recover, gave the defendant the benefit of a general denial, and nothing more.

If the defendant had relied upon the plea of the statute of limitations or payment as a defence in this action, it will scarcely be questioned that it would have been essential to set them up specially as new matter, at least by memoran-

dum entered. *Long* v. *Bank*, 81 N. C., 41; *Ellison* v. *Ricks*, 85 N. C., 77. It is true, as a general proposition, that the facts relied upon in a formal answer, as a defence to an action, must be set forth with the same precision as is requisite in a complaint, *Rountree* v. *Brinson*, 98 N. C., 107. They should, at least, be clearly indicated or suggested by the memoranda entered on the docket of a Justice of the Peace. Under a general denial, any evidence that tends to contradict the allegations of the complaint, which the plaintiff must prove to sustain his action, may be given to the jury. But where the defence relied on is new matter, evidence to support it is not competent unless it is specially pleaded. *Ellison* v. *Ricks, supra.*

The Courts have been liberal in construing pleadings under the Code of Civil Procedure; but even at the February Term of the Court, on the hearing before Judge Graves, the defendant still insisted on his motion to dismiss, addressed to the Court, and did not ask leave to enter his pleas. He might have moved the Court to be allowed to make the entry. "The defendant pleads the pendency of an action, founded upon the same cause, when this action was begun." If the Court had allowed his motion, two issues, instead of one, might have been submitted; and if the jury found in reference to the first that such an action was then pending, they could have been told that it would have been useless to find the amount due the plaintiffs in answer to the second issue. A defendant, in a Justice's Court, may elect whether he will file a formal answer or rest his defence upon memoranda; but it is due to the plaintiff that he should clearly indicate his ground of defence, so that the former may prepare for reply. In this case, the notice (if there was any) to the plaintiff, was that the defendants maintain that Judge Shipp, on hearing the evidence offered, ought to have allowed his preliminary motion to dismiss,

before submitting the general issue to the jury, and that he relied upon his exception, taken at the last term, to his order overruling that motion. After losing upon the merits, defendant cannot expect to be allowed a new trial, to set up a technical defence, as it must be considered, if he owes the debt.

For the reasons given, the defendants cannot claim the benefit of that defence, and the judgment must be affirmed.

Affirmed.