R. D. HICKS v. D. A. BEAM.

*Action by Infant—Defence—Waiver of Plea—Practice.*

1. The right to avoid a contract on the ground of the disability of non-age is a peculiar personal privilege of the infant, though if he bring suit in his own name, or next friend, for services rendered another, the decree will be conclusive on him as well as the defendant.

2. Where an infant, without the intervention of a guardian or next friend, undertakes to prosecute his suit in his own name, the debtor has a right to object to his recovery, since the infant may repudiate the judgment if rendered before his majority, but such objection must be interposed in apt time and in the prescribed mode, which is by plea in abatement or by defence set up in the answer and before the trial on the merits.

3. Where, in an action by an infant in his own name against defendant for services rendered, the defendant relied upon a general denial of the indebtedness as his sole defence, thereby waiving objection to plaintiff's disability to sue: *Held*, that a motion to dismiss the action after the testimony was all in was made too late to be entertained.

4. Where an infant institutes an action in his own name and arrives at full age before the trial, the judgment is binding on both plaintiff and defendant.

This was a CIVIL ACTION, tried on appeal from a Justice of the Peace at the Fall Term, 1892, of the Superior Court of CLEVELAND County, before *Graves, J.*

The plaintiff complained in the Justice's Court that the defendant was indebted to him for work and labor done in the sum of $80. The defendant denied that he owed the plaintiff anything. On the trial in the Superior Court the plaintiff was introduced as a witness in his own behalf, and under cross-examination swore that at the time he instituted this action he was under twenty-one years of age and had attained his majority only a month or so prior to the trial of the case on appeal in the Superior Court; that he had neither general nor testamentary guardian. On the re-direct examination he swore that he was an orphan and had been for some four or five years, and that during that time he had acted as his own man, contracting and attending to his own business. It was admitted that this suit was not brought by a next friend, but in the name of the plaintiff alone.

At the close of the evidence counsel for the defendant moved to dismiss the action for want of jurisdiction and for failure of plaintiff to institute his suit in proper manner, viz., by a next friend duly appointed by the Court. The motion was denied, and defendant excepted. The jury rendered a verdict for $55.40, and there was judgment accordingly. Motion for new trial was refused, and defendant appealed.

*Mr. R. L. Ryburn*, for defendant (appellant).
No counsel *contra*.

Avery, J.: The defendant having contracted to compensate the plaintiff for his services, which were subsequently rendered, could not avoid the obligation to pay the debt by setting up the plea of plaintiff's infancy. The right to avoid the contract on that account was a peculiar personal privilege of the infant. Brown's Domestic Rel., p. 106;

10 Am. and Eng. Enc., 637. While the disability continued, therefore, the contract in this case was binding upon the defendant, though the infant was left at liberty to either affirm or repudiate it at his option, on arriving at full age. Where, however, suit is brought for the services of an infant in his own name by his guardian or next friend, the decree is conclusive on him as well as the party for whom he performs the labor, though he might, if no action had been instituted, have disaffirmed the contract on which it was founded, on arriving at maturity. *Webster* v. *Page*, 54 Iowa, 461.

When the infant, without the intervention of guardian or next friend, undertakes to prosecute his suit in his own name only, the debtor has a right to object to his recovery, because the judgment, like the contract, may be repudiated or affirmed and enforced at the election of the former, if rendered before his majority. Schouler Domestic Rel., sec. 268; *Tate* v. *Mott*, 96 N. C., 19. But such objection must be interposed in apt time and in the prescribed mode, which is by plea in abatement, so as to afford an opportunity to the plaintiff, on such terms as the Court may deem just, to amend by inserting the name of a guardian or next friend, and thus obviating the difficulty. Schouler, *supra*, sec. 449, pp. 449 and 450; *Blood* v. *Harrington*, 8 Pick. (Mass.), 552; *Young* v. *Young*, 3 N. H., 345; *Drago* v. *Moso*, 1 Speer L. (S. C.), 212. The defendant relied upon a general denial, which was equivalent to a plea of *nil debet*, and the subject-matter of the action being within the jurisdiction of the Court, the defendant would have been required under the old rules of pleading to have filed a formal plea in abatement in order to avail himself of the objection to the disability of the plaintiff. *Branch* v. *Houston*, Busbee, 85; *Clark* v. *Cameron*, 4 Ired., 161. Under the new system, however, such a defence must be in some way (though

informally) set up in the answer and insisted on before the trial on the merits, and if not so pleaded it will be considered as waived. *Hawkins* v. *Hughes*, 87 N. C., 115; *Blackwell* v. *Dibbrell*, 103 N. C., 270; *Montague* v. *Brown*, 104 N. C., 161; *Harrison* v. *Hoff*, 102 N. C., 126; Pom. R. and R., sec. 721.

The defendant in the case under consideration might have set up this preliminary defence along with the general denial, either by *memoranda* in the nature of a plea or by an answer in the Justice's Court, or after appeal in the Superior Court by leave, and under the rule laid down in the cases which we have cited it was his right to demand that the defence be passed upon in some way before the trial on the merits. Following the suggestion made in *Blackwell* v. *Dibbrell, supra*, the jury might have been instructed that if they should respond to the issue involving the question whether the plaintiff was an infant in the affirmative, it would be unnecessary to proceed further and pass upon those involving the merits.

It was too late to raise the question by motion to dismiss after the testimony bearing upon the merits had been heard. The defendant may ordinarily get the benefit of the objection that the plaintiff is an infant by motion to amend at this stage of the proceeding, if the Court in its discretion allows the amendment. *Tredwell* v. *Broder*, 3 E. D. Smith (N. Y.), 597. But where the disability still continues, when such motion is made, the usual practice of the Court is to protect the infant by allowing him also to amend his summons and complaint by inserting the name of a guardian or next friend. Schouler, *supra*, sec. 449. The defendant had waived objection to the disability while it existed by entering and relying upon a general denial of indebtedness as his sole defence, and after the evidence had been heard upon the merits it was in this particular case too late to raise it then, even by motion to amend, because, meantime,

pending the action, the plaintiff had arrived at full age and had ratified and affirmed all that had been done by his attorney for him in the previous stages of the proceeding by persisting in the prosecution of the action. Where an infant institutes an action in his own name, if before judgment he attains full age, or the Court allows an amendment to the pleadings inserting the name of a guardian or next friend, in either event the judgment is binding both upon the infant and the defendant. *Reed* v. *Rossie*, 47 Hun., 153; *Webster* v. *Page, supra.*

We think that the judgment of the Court below should be . Affirmed.