SMITH v. LUMBER CO.

(Filed February 27, 1906).

*Judgment—Estoppel—Pleadings—Question for Jury.*

1. In order to derive any benefit from a former judgment as a bar to the prosecution of a pending suit, such judgment, even in actions before a justice of the peace, must be specially pleaded and will not be considered under the plea merely denying the indebtedness alleged in the complaint.

2. Where there is any evidence that reasonably tends to prove the fact in issue, or where the credibility of the witnesses introduced by either party must be passed upon, the question of fact involved is always one for the jury under proper instructions from the court as to the law.

ACTION by John T. Smith against Cashie & Chowan Railroad & Lumber Co., heard, on appeal from a Justice of the Peace, by *Judge R. B. Peebles* and a jury, at the September Term, 1905, of the Superior Court of BERTIE.

The plaintiff sued before a justice of the peace to recover the sum of $150, the balance due for services. In his complaint he alleged that the defendant owed him $150 for two months' work at $75 per month. The defendant simply denied that it owed the plaintiff anything. The plaintiff testified that on February 5, 1905, the defendant employed him to buy lumber trees for it, for which service he was to receive

$75 per month, payable at the end of each month, and it was agreed that the employment should last four months. At the end of the first month, that is, about March 5, the defendant paid the plaintiff for that month $75 and without lawful excuse discharged him. For the sole purpose of showing that the justice had jurisdiction of this case, the plaintiff was permitted, over the defendant's objection, to show that after June 10, 1904, when all the instalments of his salary were overdue, he sued the defendant before a justice of the peace for that part of the salary, $75, due for the month ending April 5, 1905, and recovered judgment for the same, which was paid by the defendant, leaving a balance of $150 due. The defendant admitted that it employed the plaintiff at $75, but introduced evidence to show that he was employed for one month only. In this connection, Mr. Smith, a witness for the defendant, testified that the plaintiff was not hired for four months, but for only one month, and that he was paid for that month, and contended for nothing further than the salary paid to him at the end of the first month. The issues submitted to the jury with their answers were as follows: 1. Did the defendant hire the plaintiff for the term of four months at $75 per month? Yes. 2. Did the defendant unlawfully discharge the plaintiff from its employment after the first month? Yes. 3. Is the defendant indebted to the plaintiff, and if so, to what amount? Yes; $100, with interest from June 5, 1904, until paid.

The defendant's counsel requested the court to give the following instruction to the jury: "When the plaintiff sued for and collected his one month's wages under his judgment, he was by that estopped to sue for the balance because his contract was entire and not divisible, and suing for less than the amount of the whole claim was in law a decision of what was due him in full." The court refused to give the instruction and the defendant excepted.

Upon the second issue, the court charged the jury that "If

the first issue was answered 'yes,' the second issue should be answered 'yes,' for upon that issue the burden was upon the defendant, and it had offered no evidence to justify the discharge, if the contract was for four months." Judgment on the verdict was rendered for the plaintiff and the defendant appealed.

*Day, Bell & Dunn* and *J. B. Martin* for the plaintiff.
*Francis D. Winston* and *St. Leon Scull* for the defendant.

WALKER, J., after stating the case: The defendant relied upon the judgment recovered before the justice of the peace for the second month's instalment of salary as a bar to this action, and assigns as a reason why it should have this effect that there was a single contract to pay a salary by monthly instalments, and as all the instalments were over-due at the time the suit was brought and the judgment rendered, the plaintiff was required to sue for all of them in one action and could not make any one instalment the subject of a separate suit and obtain judgment for it, without losing the right to recover for the others. The interesting question thus raised in the argument is fully discussed in *Jarrett v. Self,* 90 N. C., 478, and that case has since been cited with approval in *Kearns v. Heitman,* 104 N. C., 332, and *McPhail v. Johnson,* 109 N. C., 571. But the pleadings do not present this matter for our consideration and we do not therefore pass upon it. In order to derive any benefit from a former judgment as a bar to the further prosecution of a pending suit, it must be properly pleaded, as such a defense is not covered by a plea of the "general issue" or anything that is equivalent to it. It is provided by statute that the answer shall contain a denial of the complaint, or of any part thereof, and also a statement in a plain and direct manner of any facts constituting a defense or counterclaim, Revisal, section 1460. This court has repeatedly held that such defensive matter as is now

relied on, even in actions before justices of the peace, must be specially pleaded and will not be considered under a plea merely denying the indebtedness alleged in the complaint. The cases in which this rule was laid down were not materially different in their facts from the case at bar. Indeed, in several of them, the facts were substantially identical. *Blackwell v. Dibbrell,* 103 N. C., 270; *Hicks v. Beam,* 112 N. C., 644; *Montague v. Brown,* 104 N. C., 161; *Cotton Mills v. Cotton Mills,* 115 N. C., 487; *Curtis v. Piedmont Co.,* 109 N. C., 405; *Harrison v. Hoff,* 102 N. C., 128; *Hawkins v. Hughes,* 87 N. C., 115. Assuming that there was proof in this case, as the defendant's counsel contended there was, that a judgment for the second instalment had previously been recovered before a justice of the peace, the court below could not have based an instruction upon it, as it is a well settled principle that there must be allegation as well as proof, and they must correspond. In this case the defendant merely denied that he owed the plaintiff, and did not specially plead the former judgment. There was no motion to amend, and, in the present state of the pleadings, the court was clearly right in refusing the defendant's prayer for instructions, if we are to follow established precedents. But there was an error committed in that portion of the charge upon the second issue, which is set out in our statement of the case. It is apparent from this instruction the court assumed that the defendant had discharged the plaintiff. An affirmative answer to the first issue did not necessarily call for the same kind of answer to the second issue. Besides, the evidence relating to the discharge of the plaintiff by the defendant was not all one way, and even if it had been, it was for the jury to find the fact, and in order to do so, to pass upon the credibility of all the witnesses. The testimony of the witness Smith was proper for the consideration of the jury upon this issue. Even if it may fairly be regarded as slight, it is yet, without taking into account the excluded portion, some evidence of the fact

that the plaintiff had quit the service of the defendant voluntarily. In no view of the testimony do we think the court's peremptory instruction upon the second issue can be sustained, for where there is any evidence that reasonably tends to prove the fact in issue, or where the credibility of the witnesses introduced by either party must be passed upon, the question of fact involved is always one for the jury under proper instructions from the court as to the law.

The error in the charge entitles the defendant to another trial.

New Trial.