McAFEE v. GREGG.

(Filed March 6, 1906).

*Justices of the Peace—Jurisdiction—Judgments Against Married Women—Defect of Parties.*

1. Judgments rendered by a justice of the peace, entitled "McAfee Estate by Cora McAfee, Agent, against W. A. Gregg and wife, Addie," and docketed in the Superior Court, are not void either because of the alleged defect as to parties plaintiff or because it appears in the summons that the defendant Addie was then married, and it was error to dismiss supplemental proceedings brought to enforce their payment.

2. To render the judgment of the justice of the peace void, it must appear on the record, not only that the defendant is at that time a married woman, but it must also appear on the face of the proceedings, in that court, that the cause of action as to her is one over which that court has no jurisdiction.

ACTION by McAfee Estate by Cora McAfee, Agent, against W. A. Greeg and wife, Addie Gregg, heard by *Judge Fred Moore,* at the Fall Term, 1905, of the Superior Court of BUNCOMBE. From an order dismissing supplemental proceedings and dissolving injunction order, the plaintiff appealed.

*Julius C. Martin* for the plaintiff.
*Merrimon & Merrimon* for the defendant.

BROWN, J. The supplemental proceedings were instituted to enforce the payment of two judgments rendered by a justice of the peace, entitled as above, and docketed upon the judgment docket of the Superior Court of Buncombe County.

1. The judgments are not void because of the alleged defect as to parties plaintiff. Such objection, if taken properly at the time of the trial before the justice, would have been

good. The apparent irregularity in the title does not avoid the judgments rendered. *Leak v. Covington,* 99 N. C., 559; *Hicks v. Beam,* 112 N. C., 642. Cora McAfee is plaintiff of record. The other words may be rejected as surplusage.

2. The judgments are not void, because it appears in the summons that at the time they were filled out the defendant Addie was then married. It is not true that the justice's court has no jurisdiction in any case of a married woman. She may be sued in that court for a debt due by her, or on a contract made by her, before marriage, or for a debt contracted by her after marriage as a free trader. *Neville v. Pope,* 95 N. C., 346. If the *feme* defendant desired to interpose her coverture as a bar to the prosecution of the suits, she should have entered her pleas. *Vick v. Pope,* 81 N. C., 22. It does not appear upon the records of the justice's proceedings but that the causes of action were such that a *feme covert* could properly have been sued on them in that court. On the contrary, for aught that appears, the debts may have been contracted by the *feme* defendant before marriage or as a free trader after marriage. There is nothing appearing in the record to the contrary.

To render the judgment of the justice of the peace void, it must appear on the record not only that the defendant is at the time a married woman, but it must also appear on the face of the proceedings in that court, that the cause of action as to her is one over which that court has no jurisdiction.

His Honor erred in holding the judgments void and in dismissing the proceedings and dissolving the injunction. The cause is remanded to be proceeded with before the clerk or judge according to law.

Reversed.