J. J. BAXTER v. MRS. D. A. IRVIN.

(Filed 28 February, 1912.)

1. Judgments Non Obstante—Pleadings—Confession and Avoidance.

A judgment *non obstante veredicto* may be allowed only where the answer has confessed a cause of action and has set up matters in avoidance which were insufficient, although found true, to constitute a defense or a bar to the action.

2. **Same—Evidence—Practice.**
   Upon a motion for judgment *non obstante veredicto*, it must appear from the plea and verdict, and not from the evidence, that the plaintiff is entitled to the judgment.

3. **Judgments Non Obstante—Motion, When Made.**
   A motion for judgment *non obstante veredicto* must be made after verdict.

4. **Judgments Non Obstante—Demurrer—Instructions—Practice.**
   When in defense of an action to recover rents the defendant denies the plaintiff's allegations and alleges a breach of contract as a bar to the action, the answer raises the general issue, and, before verdict, the objecting party should either demur to the evidence, if it is insufficient, or request the judge to direct a verdict in his favor because of its insufficiency.

5. **Courts, Justices'—Pleadings—Practice—Interpretation of Statutes.**
   While we liberally construe pleadings filed in the court of a justice of the peace, they must substantially conform to the statutory requirements, *i. e.*, there shall be a complaint and answer (Revisal, sec. 451) ;. if oral, the justice may enter the substance on his docket, and, if written, the pleadings may be filed and reference made to them on the docket (section 1458) ; the complaint must state the facts constituting a defense or counterclaim (Revisal, secs. 1459, 1460).

6. **Same—Judgment Non Obstante—Justice's Court—Appeal.**
   If the answer in the court of a justice of the peace raises the general issue, and there is no plea of confession and avoidance, a motion for judgment *non obstante veredicto* will not lie on appeal in the Superior Court after verdict.

APPEAL by plaintiff from *Whedbee, J.*, at November Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

R. A. Nunn for plaintiff.
D. E. Henderson and A. D. Ward for defendant.

WALKER, J.  This action was brought in the court of a justice of the peace of Craven County to recover the sum of $100, with interest from 31 July, 1910, and the plaintiff complained in that court that it was due by contract for the rent of space in a storeroom.  The defendant "denied the indebtedness, and

alleged a breach of the contract by way of defense." The plaintiff recovered in the justice's court, and defendant appealed to the Superior Court, where there was a trial by jury. Both parties introduced evidence, and the jury returned a verdict for the defendant. Plaintiff thereupon moved for judgment *non obstante veredicto*. The charge of the court is not in the record, and it appears that no exceptions were taken during the course of the trial, before the verdict was rendered. The court overruled the motion for judgment, and the plaintiff appealed to this Court from a judgment for defendant.

We think the ruling of his Honor was correct. At common law a judgment *non obstante veredicto* would be allowed only when the plea confessed a cause of action and set up matters in avoidance which were insufficient, although found true, to constitute either a defense or a bar to the action. *Moye v. Petway,* 76 N. C., 327; *Ward v. Phillips,* 89 N. C., 215; *Walker v. Scott,* 106 N. C., 56; *Riddle v. Germanton,* 117 N. C., 388. It was said in *Moye v. Petway, supra,* that the motion for such a judgment must, of course, be made after verdict, and the practice in such cases is very restricted. The motion will not be granted unless it appears from the plea and the verdict, and not from the evidence, that the plaintiff is entitled to the judgment. Before the verdict, the plaintiff could sign judgment as on *"nil dicit,"* or as if there had been no plea or defense, treating the plea, or now the answer, as a sham one, and even if he traversed the matter relied on in avoidance, and the issue was found against him, he was still allowed to take judgment, notwithstanding the verdict, the practice having been adopted to discourage sham pleas and defenses. No such case is presented in this record. The plaintiff alleged that the defendant is indebted to him for rent, in the sum of $100, and the defendant simply denied the allegation and alleged a breach of the contract as a bar to the action. This was not a plea by confession and avoidance, for it was tantamount to the general issue, or a direct traverse of the plaintiff's allegation. If there is no evidence to establish the plaintiff's case, the defendant should either demur to the evidence or request the court to charge the jury that there is no evidence, and that, therefore, they should answer the issue

in favor of the defendant; and likewise, if there is no evidence
to establish the defense, the plaintiff should request the court
to give a similar charge in his favor; but this must be done
before verdict, and, as said by *Chief Justice Pearson* in *Moye
v. Petway, surpa,* this practice "has not the slightest bearing
upon a motion for judgment *non obstante veredicto,* which is
made by the plaintiff, after verdict, for insufficiency of the de-
fendant's matter in avoidance. There are no two matters of
practice more entirely different in all respects." In addition
to this, it is familiar learning that any defect or insufficiency
in the evidence must be called to the attention of the court, by
a prayer for instructions, before verdict, so that cases may be
tried on their true merits, and to prevent the loss of rights by
mere inadvertence. *Sutton v. Walters,* 118 N. C., 495; *S. v.
Kiger,* 115 N. C., 746; *S. v. Hart,* 116 N. C., 977. The party
is not allowed to take two chances, that is, he may not specu-
late on the verdict, hoping that it will be in his favor, and, if
he loses or is disappointed in his expectation, move after verdict
to set it aside because of a failure or defect of proof, when, if
he had. called the attention of the court to the matter before the
case was submitted to the jury, his adversary might have reme-
died the defect or supplied the missing evidence.

The defendant's counsel contended, though, that this rule of
practice or procedure should not apply to cases in the court of
a justice of the peace, for the reason that no pleadings are there
required, or, rather, no formal pleadings; but this, we think,
is a misapprehension. It is true that the pleadings in that court
may be oral, but it is expressly provided, by Revisal, sec. 457,
that the "pleadings in the courts of justices of the peace shall
be (1) the complaint of the plaintiff, (2) the answer of the de-
fendant," and by section 1458, that "the pleadings may be either
oral or written; if oral, the substance may be entered by the
justice on his docket; if written, they may be filed by the justice
and reference to them be made on his docket." It is further
provided by section 1459 and section 1460, that "the complaint
must state in a plain and direct manner the facts constituting
the cause of action," and "the answer may contain a denial of
the complaint or any part thereof, and also a statement, in a

plain and direct manner, of any evidence constituting a defense or counterclaim." This Court has been liberal in construing pleadings filed in a justice's court, but, nevertheless, they should conform to the requirements of the statute. Illustration of the degree of particularity required in justice's courts is found in the requirement that "the general issue entered on the justice's docket will be considered as (merely) a general denial of plaintiff's cause of action" (*Blackwell v. Dibbrell,* 103 N. C., 270); that the pendency of another action must be specially pleaded in the answer or deemed to be waived (*Montague v. Brown,* 104 N. C., 163; *Hawkins v. Hughes,* 87 N. C., 115); that a former judgment must be specially pleaded, as it will not be considered under an answer merely denying indebtedness to the plaintiff. *Smith v. Lumber Co.,* 140 N. C., 375; *Harrison v. Hoff,* 102 N. C., 126; *Blackwell v. Dibbrell, supra.* It appears in this case that the general issue was pleaded, and on the face of the answer there is no suggestion of any confession of the plaintiff's claim, with a statement of matter in avoidance. The case must, therefore, be governed by the general rule of practice, and we cannot examine the evidence for the purpose of determining whether there was a confession of the indebtedness and insufficient matter pleaded in avoidance.

No error.